(17 App. Div. 509.)

## WINTHROP v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, First Department. May 14, 1897.)

ELEVATED RAILROADS—INJURY TO ABUTTERS—RIGHTS OF LESSOR.

Plaintiff leased a lot for a long term. The lease fixed the rent for the first 15 years, and provided that it should be fixed by arbitration for the next 21 years, the amount to be estimated in respect to the ground alone. During the 15-year period defendant built its elevated railroad in the street on which the lot was situated. The arbitrators fixed a smaller rent than they would have done if the elevated road had not been there. *Held*, that the reduced rental fixed by the arbitrators showed that the lessee was not in possession of the easements appurtenant to the lot, and therefore plaintiff was entitled to recover for the period succeeding the first 15 years of the term as for a trespass to the reversion.

Appeal from special term, New York county.

Action by Thomas Buchanan Winthrop against the Manhattan Railway Company. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before RUMSEY, WILLIAMS, O'BRIEN, INGRAHAM, and PARKER, JJ.

Julien T. Davies, for appellant.

John M. Bowers, for respondent.

INGRAHAM, J. The right of the owner of land subject to a lease to maintain an action to restrain a trespass upon the reversion, and to recover damages caused by such trespass, has been settled by several adjudications of the court of appeals and of this court. Kernochan v. Railroad Co., 128 N. Y. 562, 29 N. E. 65; Mortimer v. Railway Co., 129 N. Y. 82, 29 N. E. 5; Thompson v. Railway Co., 130 N. Y. 362, 29 N. E. 264. That the plaintiff is the owner of the reversion of the property described is conceded, and his right to maintain the action to restrain the trespass upon the reversion, and to recover damages for injury caused to the reversion by the trespass, follows as a matter of course. The mere fact that the property has been leased is no answer to the cause of action, and the question, therefore, in this case, is as to whether or not the plaintiff's evidence justifies the finding of the learned trial judge as to the amount of plaintiff's damages caused by the trespass, and as to the value of the easement as part of the reversion which has been appropriated by the defendant road. It is conceded that the road is permanent; that the appropriation by the defendant of the easement appurtenant to the plaintiff's property is to continue indefinitely, and that the defendant can avoid the injunction at once by discontinuing its trespass. That, however, it refuses to do; maintaining the structure, operating its road, insisting upon continuing the trespass, and claiming its right to erect, maintain, and operate the structure and railroad thereon in pursuance of the laws of this state. If, therefore, the proof before the court sustained the finding as to the amount of damage to the plaintiff's reversion by the trespass, and the value to the reversion of the easements appropriated by the defendant, it follows that the judgment was right, and should be affirmed.

The property in question situated on the north side of Forty-Second street, at the corner of a street running parallel with Fourth avenue, and known as "Depew Place," consisting of three lots of ground, each 25 feet by 100. It appeared that in the year 1875 this property, with other property, was leased for a full term of 57 years. The rent reserved on the plot rented was the sum of $6,000 for the first year, $7,000 for the next 7 years, and $8,000 for the next 7 years, the rent being thus fixed for the first 15 years of the term. The lease further provided that for the next 21 years there should be a reasonable rent, payable quarter-yearly, and to be ascertained and determined as follows; that is to say:

"The said parties should nominate two fit and impartial persons * * * to determine what would be a reasonable yearly rent for the said piece of ground hereby demised during the then next succeeding period of twenty-one years, which nominations shall be made and signified in writing by each party to the other. * * * And, if the persons so to be nominated and appointed shall differ in judgment as to either of the said subjects, they shall appoint a fit and impartial person to be associated with them for the said purposes, * * * and the decision under oath of any two of the three persons who shall be so nominated or appointed * * * as to the amount of such rent shall in all cases be binding and conclusive, provided that, in every such case where the annual rent is to be ascertained as aforesaid, the annual rent to be reserved for the new period shall not be less than that reserved for the last preceding period, and that such rent shall always be estimated in respect to the ground alone, without any addition on account of, or in respect to, any buildings which may have been erected thereon."

The 15 years for which the rent was fixed having expired in the year 1890, the rent of this property was fixed for the ensuing 21 years at the sum of $15,000 per annum. This sum of $15,000 included the premises in question, and also other premises extending to a point on Forty-Second street 125 feet west of Lexington avenue, aggregating in width on the street 150 feet. The trial court refused to award the plaintiff any damages for a period prior to the year 1890, when the rent to be paid was fixed by the lease, the award for past damages thus being limited to the period from the time that such rent was readjusted down to the time of the commencing of this action. The defendant strenuously insists that in this case the plaintiff was entitled to nominal damages only for such period after the year 1890, as under the lease in question there was leased to the tenant the easements in the streets, and that the rent thus fixed under this clause in the lease must be assumed to include the use of the easements which have been appropriated by the plaintiff. We think a fair construction of the lease is sufficient of itself to negative this claim. During the term for which a fixed rent was reserved to the lessor, it is quite apparent that the plaintiff could sustain no injury because of an appropriation by the defendant of an easement appurtenant to his property, the use and enjoyment of which was a material element in the enjoyment by the plaintiff of the property abutting on this street. But during that period this defendant had constructed this road. It had, under legislative authority, erected this structure, by which it had deprived the plaintiff of the easement in the street to which the plaintiff was by law entitled as an appurtenance to his property; and

this was a permanent structure, to be permanently operated and maintained by the defendant.    By the lease the amount of the rent was to be "what would be a reasonable yearly rent for the said piece of ground hereby demised during the then next succeeding period of 21 years"; "such rent to be estimated in respect to the ground alone, without any addition on account of, or in respect to, any buildings which should be erected upon the land."    These arbitrators were therefore placed in a position of having to determine what would be a reasonable rent for this particular piece of ground; and it is clear that they were to determine such reasonable rent for that ground in the condition in which they then found the property, subject to its surroundings, controlled by the use to which it could be put, and subject to all limitations upon the use of the property as then actually existed.    Under the terms of this lease, it is quite clear that the arbitrators would not have been justified in awarding to the plaintiff a sum of money which would include the right to a free and unobstructed use of this street, when as a fact a corporation, under legislative authority, had erected a structure which in effect seriously interfered with the use of the street by the tenant, especially where such structure was of a permanent character, and which, under the authority given to construct it, would outlast the remaining years of the lease.    The rent fixed is of itself evidence that the arbitrators acted upon that principle, as it quite clearly appeared that a lease of a piece of ground on Forty-Second street, just west of the depot, would have leased for a much larger sum per year than that awarded for the plaintiff's property.    The rent to be fixed was to be a reasonable sum for the use of this ground alone, which was included within the description of the property demised; and, when it came to be determined as to what was a reasonable sum for the ground, it was then found that such ground was subject to this use of the street by the defendant, which very materially changed the value of the property, both rental and fee.    We think the court below was quite justified in finding that, but for this use of the street by the defendant, the rent fixed by these arbitrators would have been largely increased; and it is clear that this diminution in what the plaintiff would have received as rent is the damage which was sustained by the plaintiff in consequence of this appropriation by the defendant of the plaintiff's easement in the street.

These considerations also answer the position taken by the defendant as to the right of the court to grant the injunction.    It is quite clear that this tenant is not, under the lease, in possession of the easements in the street.    The rent that he is paying has been fixed upon a basis which excluded the use of those easements, as those easements were not appurtenant to the land when the arbitrators fixed the reasonable rent to be paid for the use of such land, but had been appropriated by the defendant before such rent was fixed.

As to the amount of the award by the learned trial court, we think it amply sustained by the evidence; that in fact the evidence would have justified a much higher award.    This property of the

plaintiff included within this lease is upon the corner of Depew place and Forty-Second street, immediately adjoining the depot of the New York Central Railroad. The evidence shows a very remarkable increase in value of property in Forty-Second street in the neighborhood of the depot, except where the structure of the defendant has seriously limited the purpose for which it can be applied. There is no reason why all the land immediately west of the depot should have increased from $30,000 to $120,000 a lot, as testified to by the witnesses, when a lot of land adjoining the depot on the east has not quite doubled in value; and while, undoubtedly, the value would be greater west of the depot than east of it, such an enormous discrepancy in the increase is not attempted to be explained by the defendant's witnesses, nor is any reason suggested. When we consider that the increase in this property east of the depot has been aided by the opening of a street which makes it corner property, the discrepancy is still more marked. The use to which the defendant has placed its structure at this point largely increases the injury to the adjacent property. Cars are stationed there almost continuously, it being the terminus of the road. The platform covers almost the entire street, there being three tracks in front of the property, trains constantly switching from one side to the other, and there being erected upon the structure, not only a platform for the passengers, but walks upon the side of the structure, coal bins, oil houses, and switch houses, for the use of the road; the defendant not only using this structure in the street for the passage of its trains, but also for coaling its locomotives, and other purposes of that character. In this case there is also an entire absence of the great benefit that the defendant claims is caused by their attracting a large number of people upon the street through which its road runs, as here it discharges its passengers into the depot of the New York Central Railroad without their descending to the street; and while we agree with the counsel for the defendant that they are not to be punished for thus providing accommodation for the traveling public so as to enable them to take the trains with as little inconvenience as possible, in this case there is eliminated the necessity of considering what, if any, offset the defendant is entitled to on account of the benefits to the property which arise because of the proximity of its depots, by which the business of the street is improved and property upon it rendered more valuable. An examination of the whole testimony has satisfied us that the plaintiff's property has been most seriously injured by this trespass, and that the award made by the court below is reasonable, and amply sustained by the evidence.

The judgment is affirmed, with costs. All concur.