(75 App. Div. 304.)

## SPOSATO v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.    October 10, 1902.)

1. WATERS—DIVERSIONS—ACTION FOR DAMAGES—LANDLORD AND TENANT.
     Damages for the drawing of waters from lands by a pumping station
     near by being the diminution in the rental value, action therefor can be
     maintained only by the landlord; the operations having commenced be-
     fore the lease.

Appeal from trial term, Nassau county.

Action by Carmine Sposato against the city of New York.   From
a judgment dismissing the complaint on the opening, plaintiff ap-
peals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

George Wallace, for appellant.

R. Percy Chittenden (James McKeen, on the brief), for respond-
ent.

WOODWARD, J.   This is an action to recover damages alleged
to have been sustained by the plaintiff as lessee of certain premises
on Long Island, alleged to be injuriously affected by the operation
of the defendant's pumping stations.   It was stipulated upon the
opening of the case that two of the pumping stations complained of
were erected in 1885, and that they had been operated since that
time, and that the third one was constructed in 1894.   The plaintiff
leased the premises in 1898 for a term of five years, and alleges that
he has sustained damages to the amount of $2,500 by reason of
the pumps drawing water from the surface and subsurface of such
premises.   It was conceded that the city owned the land on which
the pumping station was erected, and the land upon which was the
conduit used in transporting the water to the borough of Brooklyn.
On motion of defendant's attorney, the complaint was dismissed upon
the opening of plaintiff's counsel.   Appeal comes to this court.

If we were right in holding in the case of Reisert v. City of New
York, 69 App. Div. 302, 74 N. Y. Supp. 673, that the diminished
rental value is the measure of damages in cases of this character, it
follows that the same rule is to be applied which has long been
maintained in the Elevated Railroad Cases,—that the damages ac-
cruing during the term of a lease are indivisible, and belong to the
landlord, and are recoverable by him as past damages.   This doc-
trine was applied in the case of Dumois v. Hill, 2 App. Div. 525, 530, 37
N. Y. Supp. 1093, involving damages for a nuisance, and has never
been questioned since the decision in Kernochan v. Railroad Co., 128
N. Y. 559, 29 N. E. 65.   In the case cited the question of the rel-
ative rights of lessor and lessee was fully discussed, and the rule
then laid down has been recognized and followed in a great variety
of cases, including Winthrop v. Railroad Co., 17 App. Div. 509, 45
N. Y. Supp. 515; Sterry v. Railroad Co., 129 N. Y. 619, 29 N. E. 68;
Lynch v. Railroad Co., 129 N. Y. 274, 29 N. E. 315, 15 L. R. A. 287,

26 Am. St. Rep. 523; and Kearney v. Railroad Co., 129 N. Y. 76, 80, 29 N. E. 70.   The court in the leading case say:

"The loss falls upon the lessor, and the continuance of the wrong during the term imposes no pecuniary loss upon the lessee.  To hold that the right of action vests in the lessee, or to divide the claim between the owners of the two estates, would be contrary to equity and to the presumed intention of the parties."

Until a different rule is laid down for measuring damages in cases of this general character, we deem it our duty to follow this decision, and to hold that the plaintiff failed to state sufficient facts to justify his cause of action.

The judgment appealed from should be affirmed, with costs.   All concur.