(164 App. Div. 718)

### KLINGENBERG v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. November 20, 1914.)

JUDGMENT (§ 606*)—FORMER CONVICTION—CONTINUING TRESPASS.

> Where plaintiff had recovered damages for a continuing trespass by the city of New York, in a former action in which recovery was limited to the damages accrued up to the date of the filing of the notice of claim, required by Greater New York Charter (Laws 1901, c. 466) § 261, he may in a subsequent action recover the damages accrued between the date of the filing of that claim and the commencement of the former action.
>
> [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1120; Dec. Dig. § 606.*]
>
> Burr and Thomas, JJ., dissenting in part.

Appeal from Trial Term, Queens County.

Action by Charles Klingenberg against the City of New York. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William E. C. Mayer, of New York City (Terence Farley, of New York City, on the brief), for appellant.

Charles Coleman Miller, of New York City, for respondent.

JENKS, P. J. Taking into consideration the two former actions, I think that upon this record the plaintiff was entitled to recover in this action for the usable value of his lands from August 26, 1910, to March 1, 1912, exclusive of the period from March to November, 1911. As I read the record, he recovered in his first action for such value up to August 26, 1910, and in his second action for the said period of months which I would exclude.

The first action was begun on August 17, 1911, but the period of recovery therein was limited by the court to the said August 26, 1910, the day of the service of the notice of claim upon the defendant pursuant to section 261 of the Greater New York Charter. The learned corporation counsel insists that there can be no recovery in this action for any period prior to the time of the commencement of the first action, because the plaintiff could have recovered in the first action the damages up to that time, under the rule announced in Uline v. N. Y. C. & H. R. R. R. Co., 101 N. Y. 98, 4 N. E. 536, 54 Am. Rep. 661, and Pond v. Metropolitan E. R. Co., 112 N. Y. 186, 19 N. E. 487, 8 Am. St. Rep. 734. But I think that the said charter provision is in limitation of the general rule. This provision is to afford the city opportunity for investigation and adjustment without litigation; and incidentally it is in further assurance of the prompt payment of a just claim. If the period of recovery upon such a claim were not limited by the time of filing thereof, but only by the time of the commencement of the action, then necessarily for 30 days, and for any other period that intervened the filing of the claim and the beginning of the action, there could not be notice to the city, and consequently no opportunity for the investigation and adjustment contemplated by the statute. In fine, no claim is filed that covers at least the period of 30 days, and possibly a much longer period.

I advise that the judgment be reversed, and that a new trial be granted; costs to abide the event.

RICH and STAPLETON, JJ., concur.

BURR, J. I concur in the reversal of the judgment appealed from, but not upon the grounds stated in the prevailing opinion. The usual rule as to the measure of damages in actions for continuing trespass is correctly stated therein, viz., damages to the date of the commencement of the action. I cannot appreciate the force of the argument that the charter provisions requiring the filing of a notice of plaintiff's demand furnish an exception to the rule. Plaintiff's demand, and the claim upon which it rests, is for the trespass. The amount of the claim is only incidental thereto. In his notice, filed with the comptroller, upon the commencement of action No. 1, he should have stated the claim upon which his demand was based, and, if necessary to specify damages, should have specified an amount sufficient to compensate him to

the date of the commencement of the action. If he did not do so, it was his fault. I think that the court, in action No. 1, erred in not allowing plaintiff to prove damages to the date of the trial; but for this error plaintiff's remedy was by appeal, and not by a new suit.

I concur, also, with THOMAS, J., in respect to the amount of damages, if defendant is liable.

THOMAS, J.  I concur with BURR, J.  The plaintiff's market garden was injured by defendant's continuing trespass from and including the year 1910, to March 1, 1912, when his lease expired. He has scattered this period into four fragments, as follows: (1) 1910 to August 26, 1910; (2) August 26, 1910, to March or April, 1911; (3) March or April 1, 1911, to November 1, 1911; (4) November 1, 1911, to March 1, 1912. He recovered for the first period in action No. 1, begun August 17, 1911; for the third period in action No. 2, begun February 15, 1912; and would recover for the second and fourth periods in this action, No. 3, begun March 5, 1913. He could have recovered in action No. 1, begun August 17, 1911, all his damages to that time, including period No. 2, or he could have recovered therefor in action No. 2, begun February 15, 1912, and all his damages to that time. But he did not recover damages for the second period, either in the first or second actions, but carried them over to action No. 3, begun March 5, 1913, and tacked them onto the damages from November 1, 1911, to March 1, 1912.

The first question is whether he should be allowed to recover damages for the second period, August 26, 1910, to March 1, 1911, assuming that he has any. This court is now deciding that he could not recover them in the first action, begun August 17, 1911, for a time later than the date of filing his notice of claim with the comptroller on August 26, 1910. Why, then, did he not seek recovery for the second period in the second action, begun February 15, 1912? His answer is that what he now says is the law he did not know to be the law when he began suit No. 2. But ignorance of the law is not an excuse. He is now securing a decision that he could not recover below the date of filing his claim. Why, then, did he not include the second period in his second claim and second action? His own interpretation of the law convicts him of failing to recover for the omitted time when he had full opportunity of doing so, and of splitting up a cause of action for a continuing trespass, so that an intermediate portion of it should be segregated and then carried over to be included in a subsequent suit.

Such a fugitive and volatile fraction of a right of action escaping the second notice filed, and the second action, and coalescing with the third cause of action, in my judgment introduces a strange and abnormal feature in the doctrine of splitting up causes of action. I think that a person suffering from a continuing trespass cannot, after the damage is recoverable, present some of it to the comptroller piecemeal and disjointly, and sue upon it in patches. But what damages, in fact, has he left? He recovered to August 26, 1910, which would seem to include the loss of his season. He must have recovered for what he planted before August 26th. Could he plant and reap after August

26th, and so into the progressing months? That would seem to require some sustaining evidence. In any case, it may be believed that in this latitude vegetation is not profitable from November 1st to March 1st.

The judgment should be reversed, and a new trial granted; costs to abide the event.