CHRISTOPHER BAUMANN, Respondent, Appellant, *v.* THE CITY OF NEW YORK, Appellant, Respondent.

Second Department, December 7, 1917.

Municipal corporations — damages to lands from operation of pumping station — review of award — when evidence as to damages not a guess — damages for year pending suit incidental to relief by injunction — landlord and tenant — right of tenant at will to damages.

The rule that the awards of commissioners of land damages are not to be disturbed unless they include unlawful or exclude lawful elements of damage or unless obviously perverted by illegal evidence, should also be applied in the review of the determination of unliquidated damages by a trial judge in a suit to restrain the operation of pumping stations by the defendant, which was claimed to deprive land partly owned by plaintiff and partly by his wife and cultivated by him, of water necessary to its fertility, and incidentally to recover damages for past operation.

Evidence of the plaintiff as to the yield of the land before defendant started pumping the water was not a guess, although he was led by defendant's counsel to so characterize it, where it was founded upon recollections of past facts within his knowledge.

The rule that in an action at law damages for the year pending the action should not be allowed where it was not included in the claim filed with the comptroller, does not apply to a suit in equity, where the award of

damages is merely incidental to the relief of injunction. The general rule is that in equity such incidental damages may be awarded to the date of the trial.

Where leased lands have been damaged the party suffering the loss is entitled to bring an action.

Damages for the land held by the plaintiff as tenant at will of his wife, through the operation of the pumping stations, cannot be awarded in this action.

MILLS and BLACKMAR, JJ., dissented in part.

CROSS-APPEALS by the plaintiff, Christopher Baumann, and by the defendant, The City of New York, from a judgment of the Supreme Court, partly in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 13th day of December, 1916, upon the decision of the court after a trial at the Queens County Special Term.

The defendant appeals from the whole of said judgment, while the plaintiff appeals from it only in so far as it fails to award him the full amount of damages claimed.

The action was brought to restrain the operation of pumping stations by the defendant, which was claimed to deprive land, partly owned by plaintiff and partly by his wife and cultivated by him, of water necessary to its fertility, and incidentally for damages for past operation. The judgment went for plaintiff, granting the injunction, unless the defendant should proceed to acquire by condemnation the right to take the water, and for damages for six years prior to bringing the action and for one year pending the action, but denying to plaintiff recovery for damages to his wife's property. The defendant appeals from the whole judgment, the plaintiff from that part only which denied recovery for damages to his wife's property. The only points raised on the appeals relate to the amount of damages. Plaintiff's right to the injunction is not contested.

*Charles Coleman Miller,* for the plaintiff.

*William E. C. Mayer* [*Lamar Hardy,* Corporation Counsel, *Terence Farley* and *Henry S. Johnston,* with him on the brief], for the defendant.

BLACKMAR, J.:

The court awarded to the plaintiff $200 per acre per year for four acres of land for seven years, and the defendant

claims that there was no evidence justifying the award. Such evidence as is usually available in cases of the kind was presented. In the nature of things there is no mathematical method of determining the amount of damages in a case like this; it is solely a question of the judgment of the tribunal which tried the case. That tribunal was the court at Special Term; and for this court to interfere with his decision would be to substitute our judgment for his. This is not the function of an appellate court. The determination of the amount of unliquidated damages is peculiarly within the province of the trial court; and when the decision is not by a jury, but by a judge accustomed to weigh evidence, draw inferences, detect exaggerations and scrutinize opinion evidence, it is but rarely that an appellate court is justified in substituting its judgment, based on a perusal of the flat and unemphasized surface of a printed record, for that of the trial court formed on a case built up before him step by step, each bit of evidence having its effect on his mind as it fell from the lips of living witnesses. I think the rule so wisely and long applied to the review of the awards of commissioners of land damages, viz., that the award is not to be disturbed unless it includes unlawful, or excludes lawful, elements of damage, or unless obviously perverted by illegal evidence, should also be applied in the review of the determination of unliquidated damages by a trial judge.

I see, therefore, no reason to interfere with the finding of the learned trial justice that the damage to plaintiff's land caused by the operation of defendant's pumping stations was $200 per acre per annum. The evidence of the plaintiff as to the yield of the land before defendant started pumping the water was not a guess. It is true that the plaintiff, led by defendant's counsel, so characterized it. But that was a misuse of language. A guess cannot be founded on recollection of past facts within the knowledge of the witness, as was this testimony. Testimony of this kind is neither a guess nor surmise, but the best recollection of the witness.

The defendant claims that the court was in error in awarding damages for the year pending the action, because this year was not included in the claim filed with the comptroller. In an action at law, a majority of this court has so held.

(*Klingenberg* v. *City of New York,* 164 App. Div. 718.) But the rule should not apply to a suit in equity where the award of damages is merely incidental to the relief of injunction. The general rule is that in equity such incidental damages may be awarded to the date of the trial. (*Lynch* v. *M. E. R. Co.,* 129 N. Y. 274.) There is no reason why the condition precedent of filing a claim with the comptroller should require the severing of the cause of action. The claim was for damages to the land. That was filed with the comptroller. In measuring such damages, conditions up to the time of the trial were taken into account, and the amount of the award was within the claim. I think the court did not err in including the damages for the year pending the action in the award of incidental damages. The rule here applied is plainly in the interest of justice, and avoids unnecessary litigation.

I am of opinion, however, that the court was in error in refusing to plaintiff the award for damages done to the land of his wife, cultivated by him. As the amount of these damages has been found, this may be corrected without a new trial. The courts have often considered the question whether damages to leased land should be awarded to the landlord or tenant. The rule derived from these decisions is that the party which suffers the loss has the right of action. All the cases upon this subject are devoted to determining whether such party is the lessor or lessee. In elevated railroad cases it is held that when the lease is made before the erection of the elevated structure, the tenant has the right of action for damages suffered during the term of the lease, whereas if the lease is made after the trespass, the presumption is that the rental is fixed in view of the existing conditions, and is, therefore, abated to the extent of the damage to the usable value of the property, so that it is the lessor and not the tenant who is injured. (*Kernochan* v. *N. Y. E. R. R. Co.,* 128 N. Y. 559; *Hine* v. *N. Y. E. R. R. Co.,* Id. 571; *Kernochan* v. *Manhattan R. Co.,* 161 id. 339.) The same rule is applied in cases like the one at bar, although the facts are different, for in the elevated railroad cases the structure is a permanent appropriation of the easements of light, air and access, while in the water damage cases the

trespass exists only during the operation of the pumps. (*Forbell* v. *City of New York*, 164 N. Y. 522; *Sposato* v. *City of New York*, 75 App. Div. 304; affd., 178 N. Y. 583; *Klingenberg* v. *City of New York, supra.*) The court found, not without evidence, that the plaintiff was the tenant at will of his wife during the operation of the pumping stations. A tenant at will pays no rent and has no definite term; but during occupancy has the usufruct of the land. As there was no rental, the returns of the landlord by way of rent were not reduced by the trespass, neither was there any loss to the landlord of usable value, for during the lease that belonged to the tenants. Although a tenant at will has no definite term, yet his tenure continues until thirty days after notice to quit has been served. (Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 228; *Burns* v. *Bryant*, 31 N. Y. 453; *Larned* v. *Hudson*, 60 id. 102.) During the term of occupancy, the tenant at will has a substantial interest in the land, protected even against the landlord. In this case, as the notice was never served, the plaintiff's right to the land, which began before operation of the pumping stations, was continued uninterrupted throughout. Except for the loss of water, he would have reaped the result of fertility, and deprivation of the water injured him only. As such tenant at will he is not entitled to a permanent injunction, for his right is terminable on thirty days' notice; but for the damages caused to him during his continued right to the product of the soil, I think he should be indemnified. Mr. Justice MILLS concurs with me; but the majority of the court, while concurring in the reasons given for affirmance and that a tenant at will may recover damages, are of opinion that damages for the land held by plaintiff as tenant at will of his wife cannot be awarded in this action, and vote to affirm.

The third conclusion of law is reversed, and the court finds in place thereof that the plaintiff is not entitled to recover in this suit any damages to the land of his wife of which he was tenant at will.

The judgment and order should be affirmed, with costs.

JENKS, P. J., THOMAS, MILLS and PUTNAM, JJ., concurred for affirmance; MILLS and BLACKMAR, JJ., voted to also

increase the judgment for damages by adding thereto the amount of the damages to the land held by the plaintiff as tenant at will.

The third conclusion of law is reversed, and the court finds in place thereof that the plaintiff is not entitled to recover in this suit any damages to the land of his wife of which he was tenant at will. Judgment and order affirmed, with costs. Order to be settled before Mr. Justice BLACKMAR.