CHRISTOPHER BAUMANN, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

Landlord and tenant — a tenant at will occupying and working land injured by the abstraction of water from the land for municipal purposes is entitled to the damages caused thereby — damages — evidence — when difference in amounts realized from crops before and after the trespass admissible upon the question of usable value.

1. As between a landlord and his tenant, the latter in the absence of some contractual provision to the contrary has an exclusive right to the control and possession of the leased premises and may defend such particular estate until the same has been legally terminated.

2. Where both landlord and tenant sustain damages by the wrongful act of a third person, the law recognizes the right of each to maintain a separate action against the wrongdoer to redress his individual injury. (*Miller* v. *Edison Electric Illuminating Co.*, 184 N. Y. 17; *Bly* v. *Edison Electric Illuminating Co.*, 172 N. Y. 1, followed.)

3. The lands of a wife were, by her permission, worked by the husband, who received the entire income therefrom, the relation between the wife and husband as to the plot of land owned by the wife being that of landlord and tenant, the husband being a tenant at will. The defendant has maintained two driven well pumping stations near the premises so occupied by the plaintiff. The operation of the well abstracted and w thdrew from the property in question and its soil a large part of the natural underground and percolating waters belonging to it, lowered the normal water table thereon from one to five feet, rendered the soil dry and unproductive, greatly injured its bearing qualities, and rendered the business of market gardening on the land much less profitable than before the wells were put in operation. *Held*, that the defendant was a continuous trespasser and as such invaded the possessory rights of the plaintiff, and for damage sustained to such usable value the plaintiff is entitled to redress. (*Sposato* v. *City of New York*, 75 App. Div. 304; affd., 178 N. Y. 583, distinguished.)

3. Evidence of the amounts realized from the crops before and after the trespass was proper for consideration upon the question of usable value as bearing upon the question as to whether or not the plaintiff had exercised proper judgment as a reasonable man in the management of the property in view of the changed conditions produced by defendant's trespass.

*Baumann* v. *City of New York*, 180 App. Div. 498, modified.

(Argued May 28, 1919; decided July 15, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 21, 1917, in so far as such judgment determines that plaintiff is not entitled to recover in this action certain damages on account of trespass upon land.

The facts found by the trial justice are in substance:

The plaintiff and one Johanna Baumann are husband and wife. On or about April 14th, 1908, the plaintiff

by devise under the will of his father became the owner
of a piece of land of about ten acres, and his wife Johanna
Baumann under a devise in the same will became the
owner of a piece of land of about ten acres adjoining
the land of plaintiff on the south, the two pieces of land
being separated by a ditch running east and west.
Plaintiff has since April, 1908, occupied the ten-acre
parcel belonging to his wife by her permission in con-
nection with his own land for the cultivation of market
garden crops the proceeds whereof have been received
and retained by plaintiff with the consent of his
wife.

Since 1906 the defendant has maintained two driven
well pumping stations about twelve hundred feet distant
from the premises of plaintiff and has used and operated
said stations for the purpose of supplying water to the
inhabitants of the city for household or other purposes
for a consideration paid by consumers.

The soil of said property of plaintiff and his wife is
naturally well supplied with ground water and moisture
therefrom and is very fertile and is particularly well
adapted to the growing of garden vegetables for
market. Prior to the construction and operation of
said driven well stations said property bore abundant
crops and thebusiness of market gardening thereon was
profitable.

The operation of the well has abstracted and does
abstract and withdraw from said property and its soil
a large part of the natural underground and percolating
waters belonging to the same, and has lowered and lowers
the normal water table thereon from one to five feet,
and has rendered and renders said soil dry and unpro-
ductive and has greatly injured the bearing qualities
of seven acres of said property, four acres of which are
in the parcel owned by the plaintiff and three acres of
which are in the parcel owned by plaintiff's wife, and
has rendered the business of market gardening on said

land much less profitable than before said driven wells were put in operation.

The diminution in the usable value of said lands, caused by the abstraction of the water therefrom and the consequent lowering of the natural underground water table and the interference with capillary moisture has been two hundred dollars per acre for each of said seven acres of land for each of the years 1909 to 1915 both inclusive.

During the year 1916, defendant ceased the operation of the pumping stations, by which a large part of the natural moisture was restored to said lands.

As conclusions of law, the trial justice found: (1) Since February, 1906, and September, 1907, the city has been and now is a continuing trespasser. (2) Since April 14th, 1908, plaintiff has been a tenant at will of the property belonging to his wife. (3) Plaintiff is not entitled to recover damages to the usable value of any portion of the property belonging to his said wife and said damages belong to her as the owner of the fee of said land. (4) Awarded judgment to plaintiff for the sum of $5,600 as plaintiff's past damages to the four acres for the years stated and granted an injunction restraining the operation of the driven well stations unless within a reasonable time defendant take proceedings to acquire by the power of eminent domain such property rights of the plaintiff as it may lawfully acquire.

Upon appeal to the Appellate Division, the third conclusion of law was modified by the Appellate Division so as to provide that the plaintiff was not entitled to recover *in this suit* any damages to the land of his wife of which he was tenant at will, and, as thus modified, the judgment was affirmed by a divided court.

The city does not appeal from that part of the judgment allowing plaintiff to recover damages to the four acres. Plaintiff appeals from such part of the judgment

only as determines that he is not entitled to recover damages to the lands of his wife.

*Charles Coleman Miller* for appellant. Plaintiff is entitled to the damages to the southerly half of the farm owned by his wife. (*Dosoris Pond Co.* v. *Campbell*, 25 App. Div. 179; affd., 164 N. Y. 596; *McRoberts* v. *Bergman*, 132 N. Y. 73; 2 McAdam on Landlord & Tenant, 1065; 28 Am. & Eng. Ency. of Law [2d ed.], 523.) Plaintiff was entitled to recover these damages in this action as matter of law. (Tiffany on Landlord & Tenant, 118, § 13c; *Hayes* v. *City of Atlanta*, 1 Ga. App. 25.)

*William P. Burr, Corporation Counsel* (*Terence Farley* and *William E. C. Mayer* of counsel), for respondent. A lessee of premises located in the vicinity of the pumping stations, forming part of the water works system of the city of New York, whose lease was executed after the operation of such pumping stations had been commenced, cannot maintain an action against the city to recover damages occurring during the term of the lease because of the withdrawal of surface and sub-surface water from the leased premises incident to the operation of the pumps. (*Sposato* v. *City of New York*, 75 App. Div. 304; 178 N. Y. 583.)

HOGAN, J. The land owned by plaintiff's wife was by permission of the latter worked by plaintiff in connection with the plot of land owned by him and he received the entire proceeds of the two pieces of land. The relation between the wife and husband as to the plot of land owned by the wife was that of landlord and tenant, the plaintiff being a tenant at will. (*Harris* v. *Frink*, 49 N. Y. 24.) As between a landlord and his tenant, the latter in the absence of some contractual provision to the contrary has an exclusive right to the control and possession of the leased premises and may defend such particular estate until the same has been

legally terminated. The tenancy of plaintiff never having been terminated, he was lawfully in possession of the three-acre plot of land and entitled to the annual product of the soil in the nature of emblements and for any injury inflicted by a wrongdoer resulting in a diminution of his enjoyment of the premises he would be entitled to redress. On the other hand, if the ·njury is one of a permanent character to the reversion, such as destruction of standing timber, etc., the right to recover for such wrong is vested in the landlord. Where both landlord and tenant sustain damages by the wrongful act of a third person, the law recognizes the right of each to maintain a separate action against the wrongdoer to redress his individual injury. (*Miller* v. *Edison Electric Illuminating Co.*, 184 N. Y. 17; Washburn on Real Property [3d ed.], sections 254, 255, 1517, 1519; *Bly* v. *Edison Electric Illuminating Co.*, 172 N. Y. 1.)

Counsel for defendant argued that the rule stated is inapplicable to the case at bar for the reason that the tenancy of plaintiff did not commence until April 14th, 1908, and the city having constructed and operated the pumping stations in 1906–1907, the trespass having been committed at that time, the tenant cannot sustain a cause of action therefor. In support of his argument reliance is placed upon the case of *Sposato* v. *City of New York* (75 App. Div. 304; affirmed by this court, 178 N. Y. 583).

In the *Sposato* case, the plaintiff was lessee of land for a term of five years commencing in 1898. The pumping stations from which the alleged damages resulted were erected in 1885–1894. The order in the *Sposato* case was made October 10th, 1902. On October 7th, 1902, we decided the *Bly* case sustaining the principle heretofore stated (172 N. Y. 1) and subsequent to our decision in the *Sposato Case* (178 N. Y. 583) we reiterated the rule of law in the *Miller Case* (184 N. Y. 17). A casual reading of the *Sposato* case might lead to a con-

clusion that a conflict of decision existed.    Such, however, is not the case.    In the *Sposato* case the plaintiff alleged that the land in its natural condition and before the time of the acts complained of (1885–1894) were well saturated with water; that by the act of the city two wells had been dried up and the soil on the land had by the abstraction of water become so thoroughly dried up that it is comparatively worthless for the raising of crops and by reason of such diversion of water the plaintiff during the three years of his term of five years — which term had not expired — was deprived of his rightful use of the premises.    The complaint did not allege the injury to or loss of any crops on the land during his possession of the same, and upon the opening of the case at Trial Term the complaint was dismissed on motion of counsel for the city, who argued in this court that upon the complaint the injuries sought to be recovered for were permanent to the fee and thereby vested in the landlord.

The complaint in the case at bar, while not as specific in expression as might be desirable, nevertheless alleged injury to the possession of plaintiff in that it asserts that the soil was by reason of the abstraction of the water therefrom made dry rendering the same less productive and profitable for garden purposes than before the wells were put in operation, which caused a depreciation in the usable value of the premises, and in substance the trial justice so found, and, as a basis for damages, found the diminuition in the usable value of the land caused by the abstraction of water therefrom.

My view is that the principle stated in the *Bly* and *Miller* cases, cited, which are controlling in this case, is not in conflict with the *Sposato* case.

In *Reisert* v. *City of New York* (174 N. Y. 196) the plaintiff as owner and in possession of some eighty acres of land sought to recover damages as he alleged by reason of the act of the city through the construction of driven

wells in rendering the soil of his land dry and worthless for cultivation and a stream on the land valueless for fish and game purposes. Upon the trial of that action, counsel for plaintiff contended that the plaintiff was entitled to recover his profits as such which he was able to prove during the six years prior to the commencement of the action, basing his argument upon the decision of this court in *Forbell* v. *City of New York* (164 N. Y. 522), which action was one by a lessee of land. An examination of that decision does not justify the argument made by counsel as was determined by us when the case reached this court, though counsel made the same argument here. In the *Reisert* case, counsel for the city argued that the plaintiff's recovery was limited to the loss in rental value which might be proved as resulting from the trespass and the main question treated by us was the correct measure of damages. The judgment below was reversed for errors on the trial, and we held that evidence of the rental or usable value of the premises was competent; that if the land was commonly rented the ordinary rentals received for the same would be admissible as well as testimony tending to show the nature of the soil, the character and extent of the use made of the lands, the nature of the business conducted thereon when in their normal or usual condition as to surface or subterranean waters and when deprived thereof was competent as proving or tending to prove usable value, and from such facts the court or a jury would be enabled to determine whether and to what extent the rental or usable value of the land as affected by the diversion of the water had been substantially injured.

We also held that in such a case profits as such were not recoverable; that a plaintiff suffering from a tort or trespass of another is bound, so far as he reasonably can, to reduce his damages, and that the plaintiff would not be justified in efforts year after year to raise crops upon this

damaged land or portion thereof if experience had demonstrated that they would not mature and produce a marketable or profitable article.

In the present case the courts below held that the trespass was a continuing trespass; that by reason thereof the bearing qualities of the land had been affected and the usable value of the seven acres, four acres of which were owned by plaintiff and three acres of which he occupied as tenant, by reason of the trespass had been diminished two hundred dollars per acre for each of the years 1909 to 1915, both inclusive, but the damages awarded were limited for diminution in usable value to the four-acre plot.

To deny the plaintiff damages to the usable value of the three-acre plot of land was error. The defendant was a trespasser and as such invaded the possessory rights of the plaintiff and materially diminished the value of the use of the premises for the purposes for which the same were adapted and had been used. For damage sustained to such usable value the plaintiff was entitled to redress. (*Reisert* v. *City of New York*, 174 N. Y. 196.)

I do not deem it necessary to refer at length to the evidence adduced on the trial. My conclusion is that the evidence was ample to sustain the finding of the courts below that the diminution in the usable value of the premises was two hundred dollars per year.

The plaintiff produced evidence tending to show the nature of the soil of the land, the character and extent of the use made of the same and the nature of the business conducted prior to, during and subsequent to the commission of the trespass by the city, the extent of the crops raised, the prices received for the same in the market and the expenses incident to the cultivation and marketing of the same. While evidence of the amounts realized from the crops before and after the trespass

3

was admitted, the record does not justify a presumption that such amount was adopted as a basis of damages by the trial justice. The evidence was proper for consideration by him upon the question of usable value and as to whether or not the plaintiff had exercised proper judgment as a reasonable man in the management of the seven acres in view of the changed conditions produced by defendant's trespass. Neither is it material that plaintiff sought injunctive relief as to the seven acres. He was granted such relief so far as the four-acre plot was concerned.

The judgment should be modified so as to provide that plaintiff recover of defendant the sum of $9,800 instead of $5,600 and, as thus modified, affirmed, with costs.

Hiscock, Ch. J., Chase, Collin, Cuddeback, McLaughlin and Crane, JJ., concur.

Judgment accordingly.