circumstances that require the courts of this State to retain jurisdiction, rather than to compel plaintiff to go to either Indiana or Michigan to sue defendant. Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ., concur.

GEORGE NORMAN, Respondent, v. QUEENS BUS LINE, INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ.

GEORGE NORMAN, Respondent, v. QUEENS BUS LINE, INC., Appellant.— Order denying motion for a new trial upon the ground of newly-discovered evidence unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ.

PAUCHOGUE LAND CORPORATION, Appellant, v. LONG ISLAND STATE PARK COMMISSION, ROBERT MOSES and Others, Individually and as Commissioners, etc., Respondents.— Reargument ordered and case set down for February 6, 1928, as to the effect of the lease upon the question of plaintiff's right to maintain the action and also as to its effect upon the question of damages recoverable. (*Tobias* v. *Cohn*, 36 N. Y. 363; *Van Siclen* v. *City of New York*, 64 App. Div. 437; *Fong Ling* v. *Nathans*, 204 id. 265; *Baumann* v. *City of New York*, 227 N. Y. 25; Real Prop. Law, § 531.*) Present — Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ.

PINE GROVE POULTRY FARM, INC., Respondent, v. NEWTOWN BY-PRODUCTS MANUFACTURING CO., INC., Appellant.— Judgment reversed upon the law, with costs, and complaint dismissed, with costs. In our opinion, plaintiff was not entitled to maintain this action, either upon the principle of implied warranty or as an action based upon negligence. (*Chysky* v. *Drake Brothers Co.*, 235 N. Y. 468; *MacPherson* v. *Buick Motor Co.*, 217 id. 382.) Lazansky, P. J., Rich, Young and Hagarty, JJ., concur; Kapper, J., dissents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD HAASE and Another, Respondents, v. HENRY M. GOLDFOGLE and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants. (Action No. 44.)— Order exempting relators' property from taxation for local purposes, etc., affirmed, with ten dollars costs and disbursements. Young, Hagarty and Seeger, JJ., concur; Kapper, J., dissents; Carswell, J., dissents, with the following memorandum: Assuming the certificate herein is conclusive evidence under the statute,† it is only so as to houses built under the February 20, 1924, plans specified in the certificate. It is not conclusive as to houses built under new plans filed subsequently to April 1, 1924, and not recited in the certificate as of a date entitling them to tax exemption. If, as may be shown and appears to be the fact, the houses were constructed under plans filed subsequently to the exemption period, the certificate is not conclusive as to these different buildings constructed under such new plans. The houses so constructed herein, if different structures, in form and number, from those specified in the certificate as being built or to be built under plans filed February 20, 1924, cannot be deemed mere modifications of the buildings described in the original plans, and they, therefore, are not entitled to exemption.

---

* Added by Laws of 1920, chap. 930.— [REP.

† See Tax Law, § 4-b, added by Laws of 1920, chap. 949, as amd. by Laws of 1922, chap. 281, and Laws of 1923, chaps. 243, 337; since amd. by Laws of 1924, chap. 87.— [REP.