MAY McPHAIL, as Administratrix, etc., of GEORGE McPHAIL, Deceased, Respondent, v. FIFTH AVENUE AND NINETY-THIRD STREET CORPORATION, Appellant, and Another, Defendant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

NASSAU NATIONAL BANK OF BROOKLYN, Respondent, v. JOHN A. PAUL and EDWARD FARRELL, Appellants.*— Judgment modified by deducting therefrom the sum of $500, extra allowance made by the trial court, and as so modified unanimously affirmed, without costs. We are of opinion that this was neither a difficult nor an extraordinary case and the extra allowance should not have been made.† Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

PAUCHOGUE LAND CORPORATION, Appellant, v. LONG ISLAND STATE PARK COMMISSION and ROBERT MOSES and Others, Individually and as Commissioners, etc., Respondents.— On reargument,‡ judgment, amended judgment in so far as appealed from, and order affirmed, with costs. The action was tried as a law action on the basis that defendants had violated plaintiff's possessory rights; and since the proof shows that plaintiff had leased the premises to a third party, plaintiff was not entitled to recover. As defendants have not appealed, the judgment against them must stand. This disposition avoids the necessity of considering the alleged error of the trial court in holding that the second entry of defendants was valid as matter of law. Lazansky, P. J., and Carswell, J., concur; Hagarty, J., concurs in result; Rich and Young, JJ., dissent, for the following reasons: The error of the trial court in holding that the second entry by defendants was valid as a matter of law requires a reversal and a new trial. It is doubtful if the letter ratified on December 14, 1922, is anything more than a hunting license, and upon the trial all parties plainly considered that all rights under this document expired on February 15, 1925, before the date of the second seizure of the property by defendants took place, namely, September 23, 1925. Even if the letter referred to be considered a lease, and the lessees were in possession of the property on September 23, 1925, the plaintiff may maintain the present action because the second seizure, if illegal, was an injury to the reversion for which the landlord may sue, even while the tenant is in possession. (35 C. J. 1219; Real Prop. Law, § 531;§ Baumann v. City of New York, 227 N. Y. 25.) The complaint, at paragraph XLVII, alleged that defendants were changing the nature of the property and intended to convert the same into a park. The answer of defendants, at paragraph 31, admits that it is the intention of defendants to convert the property into a park as alleged in the complaint. This conversion, if illegal, may be restrained by the owners, lease or no lease. Furthermore, the point upon which affirmance is now to be ordered was not raised by any of the parties at the trial or upon the appeal; it was first suggested when the case was under consideration by the court. The action was tried on the theory that plaintiff was entitled to the rental value of the property while illegally held by defendants under the first seizure, and this issue was submitted to the jury without complaint on either side. Under such circumstances defendants should not now be permitted to gain advantage. The motion to dismiss appeal in part is denied, without costs.

* Motion to dismiss appeal denied, 248 N. Y. 506.     † See Civ. Prac. Act, § 1513.
‡ See 222 App. Div. 830; Id. 834.     § Added by Laws of 1920, chap. 930.