KAISER et al. v. MARKS.

(Supreme Court, Appellate Term. March 5, 1909.)

LANDLORD AND TENANT (§ 190*)—OUSTER—RENT.

Defendant, being in possession of a tenement under a lease which did not expire until October 1, 1908, moved out early in September without surrendering the premises, taking the keys with him and leaving therein certain of his property. Shortly thereafter the landlord forced an en-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trance, placed furniture in the rooms, and workmen proceeded to make repairs by stripping the paper from the walls without defendant's knowledge. About September 15th one of the plaintiffs called on defendant for the rent, which was refused on the ground of ouster.' *Held*, to constitute an ouster, and that defendant was entitled to recover the rental value of the premises for September.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 765; Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Arnold Kaiser and another against Lewis W. Marks. From a Municipal Court judgment in favor of plaintiffs, defendant appeals. Reversed, and judgment ordered for defendant.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

William Paul Buchler, for appellant.

Levy & Rosenthal, for respondents.

PER CURIAM. Action for rent, $70, and telephone charges, $1.55. Answer admitted telephone charges and tenancy, and set up (1) release for consideration; (2) forcible entry and ouster; (3) damages for ouster. Defendant was the oldest tenant in the apartment house. His lease expired October 1, 1908. The landlord and his agents asked him to renew for another year. He offered to remain until the following June. His offer was declined. He moved out early in September, without surrendering the premises, taking the keys with him and leaving therein certain of his property. Shortly thereafter the landlord forced an entrance by breaking the lock, placed articles of furniture in the rooms, and then workmen proceeded to make repairs by stripping the paper from the walls, and all this without the knowledge or consent of the defendant. About September 15th one of the plaintiffs called on defendant for the rent, which was refused on the ground of ouster. Defendant proved the value of the premises for the month of September to be $75. There was no dispute as to these facts. At the close of the trial judgment was granted "for the plaintiffs for $71.55 on the merits."

Summary proceedings were not instituted. Defendant had an unqualified right of possession, and was liable for the September rent so long as a surrender was not made or accepted. The uncontradicted proof that he was ousted from premises worth $75 to the end of his term entitles him at least to an offset for such sum. Defendant is entitled to judgment against the plaintiffs for $3.45, with costs in the court below and in this court, and the judgment appealed from is reversed.

Judgment reversed, and judgment ordered for the defendant for the sum of $3.45, with costs to the appellant in this court and in the court below.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes