ADOLPHI v. INGLIMA.

(Supreme Court, Appellate Term. June 29, 1911.)

LANDLORD AND TENANT (§ 172*)—PARTIAL EVICTION.

    Where the width of an apartment was 9½ feet, and the only light and ventilation from the rear for the premises, which were used as a bar, restaurant, and kitchen, was from two windows, each about 25 inches wide, the landlord erected a toilet adjoining the rear wall of the premises, so that 20 inches of one window was entirely cut off from the premises, and that window sealed, so that it could not be opened, there was a partial eviction.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 695–703; Dec. Dig. § 172.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Lillie Adolphi against Vincent Inglima, as executor of Concetta Lopinto Inglima, deceased. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Joyce & Hoff, for appellant.
Smith & Bowman, for respondent.

BIJUR, J. This action was brought for the rent for certain months of premises in Elizabeth street. Plaintiff had leased to defendant the northerly half of the ground floor of the building, through the middle of which ran a hallway. The premises leased were in the rear about 9½ feet wide, and similarly narrow throughout. In the rear wall were two windows, the glass in each being 25 inches wide. These premises were used by defendant, the front as a barroom, the middle as a restaurant, and the rear, where the windows were, as a kitchen. Between the dining room and the kitchen was a low partition, for light during the daytime, and ventilation being obtained from the two windows. On November 2, 1909, the landlord sent workmen into defendant's premises, who, during two weeks, constructed a toilet, which opened solely into the public hall, and was inclosed by two solid plaster walls, extending from the floor to the ceiling, adjoining the rear wall of defendant's premises; the toilet being of such

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dimensions as that 20 inches of the 25 inches of the glass of the window was entirely cut off from defendant's premises, and the remaining 5 inches so sealed that even that small remnant could not be opened into defendant's apartment. This work was done by plaintiff upon the direction of the tenement house department, which, however, required only the removal from the yard of the then existing school sink, "and provide one water-closet for every two families in the said house."

Defendant contends that this act on the part of the landlord constituted a partial eviction, the evidence being conclusive to that effect, and suspended the rent for the whole apartment. Edgerton v. Page, 20 N. Y. 283. This contention seems to be thoroughly justified, as it is sustained in Ferber v. Apfel, 113 App. Div. 721, 724, 99 N. Y. Supp. 215. See, also, Christopher v. Austin, 11 N. Y. 216. Plaintiff's reply is that, as the work was ordered to be done by the tenement house department, the landlord should not be charged with the act as a partial eviction. There is no merit in this claim, because, apart from other considerations, there is no proof that the tenement house department required this or any other water-closet to be built in the place selected, nor that the requirement of the department could not have been fully complied with by building it elsewhere on the same floor.

As plaintiff's entire contention on this appeal is substantially that the partial eviction was caused by the tenement house department in the lawful exercise of a power to which defendant was necessarily subject and as the record is entirely devoid of any proof that the department required the toilet to be built in the premises leased by defendant, or did anything other than to approve plaintiff's voluntary suggestion that it be placed there, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.