PEERLESS CANDY CO., INC., Appellant v. CHARLES HALBREICH, Respondent.

Supreme Court, Appellate Term, Second Department, May 1, 1925.

Landlord and tenant — Municipal Court of City of New York without power to render judgment on counterclaim for sum in excess of $1,000, exclusive of interest and costs, in summary proceedings — action for rent — tenant set up counterclaim based upon partial eviction from premises — tenant not entitled to damages arising from loss of profits from sale of garage he was unable to effect — tenant, partially evicted after rent payments became due, is liable for rent not already paid — tenant not liable if rent payment becomes due after partial eviction and he denies liability, though he remain in possession.

The Municipal Court of the City of New York is without power to render a judgment in summary proceedings upon a counterclaim for a sum in excess of $1,000, exclusive of interest and costs.

A tenant, setting up a counterclaim alleging partial eviction from premises, in an action for rent, is not entitled to damages arising from an alleged loss of profits from the sale of garage premises which he was unable to effect, in the absence of any evidence beyond proof of the conversation said tenant had with the landlord on the occasion of the purchase of the garage that he intended to sell it.

A tenant, who is partially evicted after a rent payment becomes due, is liable for the rent not already paid, regardless of whether he vacates the premises or remains in possession. But he may claim damages.

Where a tenant is partially evicted and thereafter a rent payment becomes due and he remains in possession, does not pay the rent, and disputes his liability to pay because of the eviction, he is not liable for rent so long as the eviction continues, but he has no claim for damages. If, however, he pays the rent or admits his liability for it, he may claim damages. If he does not remain in possession and vacates the premises and the relation of landlord and tenant ceases, he is not liable for the rent and may claim damages.

APPEAL from a judgment and order of the Municipal Court, Borough of Brooklyn, Fifth District.

*Nathan D. Shapiro,* for the appellant.

*Milton C. Weisman,* for the respondent.

PER CURIAM:

Final order in favor of the tenant and judgment in favor of the tenant unanimously reversed upon the law and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

It was error for the court to have excluded the agreement of March eleventh. It was proof of a settlement between the parties of the plaintiff's claims for damages prior to that date. Aside from the question of settlement, the agreement of March eleventh and the work done pursuant thereto were proof of an intention on the

part of plaintiff to waive the fraud. (*Pryor* v. *Foster*, 130 N. Y. 171.) If there were a settlement or a waiver of the fraud there would be no damages for claims which came into existence prior to March eleventh. If, however, there were no settlement or waiver then on the fraud claim, if defendant were entitled to recover, he would be entitled to the difference between the rent reserved and the reasonable rental value of the use of the premises without the right to use them as a garage from the time of the commencement of the term of the lease to the time the standpipe system was properly installed and approved, at which time defendant alone was able to procure a permit. (Code of Ordinances of the City of New York, chap. 10.) When, with the consent of defendant, the necessary alterations and improvements, so that the place could be used as a public garage had been made, the defendant was in the same position as if the fraud had not been committed, and thus there was reparation against the damages from that time on. According to the testimony, the plaintiff was permitted by the defendant to use the twenty-foot space in the rear of the premises in conjunction with making the alterations and improvements. If plaintiff, or its contractor, without defendant's permission, used space beyond this twenty-foot space, in a substantial and material manner to interfere injuriously with the enjoyment of the premises, there would be a partial eviction and rent accruing during the eviction would abate. The twenty-foot space was used and the rear wall was taken down with defendant's permission. It was the duty of plaintiff, however, to protect reasonably the premises and the business of the defendant during the time the rear wall was down. The eviction, if any, took place after $750 became due as rent on March fifteenth. The plaintiff was entitled to recover this and defendant, if evicted, has a counterclaim for the difference between the rental value of the entire premises during the eviction after March fifteenth and up to April fifteenth, less the rent reserved for the entire premises for that period of eviction, from which difference is to be deducted the proportion of the rent reserved for the part of the premises from which the tenant was not excluded for the period of the eviction. If the eviction continued after April fifteenth, the rent abated until the eviction ceased and from the time of the cessation until the fifteenth of May the landlord was entitled to rent. Since, if evicted, the tenant would not be liable for rent from April fifteenth until the time of the cessation of the eviction and did not in fact pay rent due April fifteenth, he is not entitled to any damages for that eviction. Plaintiff is also entitled to recover expenses reasonably incurred by him in protecting his property while the rear thereof was exposed. He is also entitled to damages to his

business which reasonably flowed from the failure to protect the rear wall. He would also be entitled to damages to his business due to the partial eviction which existed up to April fifteenth. Of course, if the use of the twenty-foot space permitted by the plaintiff was one of the causes of the loss of business and it be impossible to determine how much was due to that and how much to the other causes, speculation with reference thereto would be improper. We have reached the conclusion that in summary proceedings, as well as in an action, the Municipal Court has no power to render a judgment on a counterclaim for a sum in excess of $1,000 exclusive of interest and costs.

Memorandum on reargument handed down July 22, 1925:

PER CURIAM:

Motion for reargument granted and for leave to appeal to the Appellate Division denied. Upon reargument, final order and judgment unanimously reversed upon the law and new trial granted, with thirty dollars costs to appellant to abide the event.

Because of errors in the memorandum handed down by this court in reaching its original determination, which, however, did not affect ·the result, it is proper to state the following: (1) In its consideration of the testimony, the court had in mind the exclusion by the trial court of the answer in the prior proceeding, and the ruling thereon by the trial justice was one of the reasons for a reversal of the determination in the court below. Inadvertently in the memorandum the statement was made that a certain contract was excluded from evidence, when this court intended to refer to said answer. (2) This tenant is not entitled to damages by reason of loss of profits of a sale which he was unable to consummate because of the alleged fraud of the landlord. The only proof was that the tenant at the time of the purchase of the garage told the landlord he intended to resell it. This is not sufficient upon which to predicate a claim of loss of profits on a sale thereafter made. (*Foster* v. *DiPaolo*, 236 N. Y. 132.) (3) Where a tenant is partially evicted after a rent payment has become due he is liable for that rent if not already paid. This is so whether he vacates the premises or remains in possession. But in either case he may claim damages. If he remains in possession those damages would be: (a) (1) The proportionate part of the rent of that portion of the premises from which he is evicted. (a) (2) Consequential damages, if any. (b) The difference between the actual rental value of the portion from which he is evicted and the proportionate part of the rent of that portion. (c) Loss of profits. His recovery for each of the above items may be had, however, only for the remainder of the

period for which that rent was due or until the eviction ends, if that occurs first. Should another payment of rent become due while he remains in possession then if he pays it or admits his liability for it, he may claim damages for the further period covered by the additional rent installment as above stated. If he does not remain in possession and vacates the premises treating the partial eviction as one from the entire demise and the relationship of landlord and tenant ceases, his damages would be: (a) The proportionate part of the rent due or paid. (b) The difference between the actual rental value of the whole premises and the rent from the time of the eviction to the end of the term of the lease. (c) Loss of profits from the time of the eviction to the end of the term of the lease. (4) Where a tenant is partially evicted and thereafter a rent payment becomes due and he remains in possession, does not pay the rent, and disputes his liability to pay it because of the eviction, he is not liable for any rent so long as the eviction continues but he has no claim for damages. If, however, he pays the rent or admits his liability for it, he may claim damages as first above stated. If he does not remain in possession and vacates the premises treating the partial eviction as one from the entire demise and the relationship of landlord and tenant ceases, he is not liable for the rent and he may claim his damages. These would then be the same as stated above where the tenant moved out.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.