524 WEST END AVENUE, INC., Respondent, *v.* SAMUEL J. RAWAK,
Appellant.

Supreme Court, Appellate Term, First Department, November 13, 1925.

Landlord and tenant — action for rent — landlord, after giving tenant
right to use lavatory in hallway leased it to another tenant for his
exclusive use — actual partial eviction established — defendant failed
to obtain injunction pendente lite against other tenant's exclusive
use of lavatory — no election of remedies by defendant.

In an action for rent under a written lease the defendant, tenant, established a
defense of actual partial eviction from a portion of the premises, where it
appears that the plaintiff, after giving the defendant the right to use a lavatory
in the hallway in conjunction with the tenant in the adjoining apartment, leased
said lavatory to another tenant for his exclusive use during the same term, and
said tenant has actually excluded the defendant from the use thereof. The
fact that the defendant was unable to obtain an injunction *pendente lite* against
the other tenant's exclusive use of the lavatory has no effect in this proceeding.
It does not indicate that there was an election of remedies by the defendant.

APPEAL by defendant from a judgment of the Municipal Court
of the City of New York, Borough of Manhattan, Fifth District,
in favor of plaintiff, after a trial by a judge without a jury.

*Martin Berlin* [*I. E. Schlesinger* of counsel], for the appellant.

*Woodward, Dennis & Buhler* [*Arthur B. King* of counsel], for
the respondent.

PER CURIAM:

This action was brought to recover rent under a written lease
for the months of January to April, 1925. It is not disputed that
as part of the premises demised to defendant was "the right,
together with the tenant in the adjoining apartment to use the
maid's lavatory in the hallway," and that subsequently the landlord
deliberately leased this lavatory to another tenant for his exclusive
use beginning on January 1, 1925, and that said tenant has actually
excluded the plaintiff from the use thereof. The defense of actual
partial eviction from a portion of the premises demised is thus
established. The fact that the defendant was not able to obtain
an injunction *pendente lite* against the other tenant's exclusive use
of this lavatory seems to us to be wholly without any bearing upon
the present controversy, primarily because it does not indicate
that there was any election in the juristic sense of the word by
the defendant at all. (See *Bank of U. S.* v. *National City Bank*,
123 Misc. 801; affd., 214 App. Div. 716.) Secondly because the
remedies are not inconsistent, indeed seem to have no relation to

one another; and in this connection it is clear that the tenant's present position is not that the lease to him has ceased to exist, but that the rent is suspended by reason of the landlord's wrongful act.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, GUY, BIJUR and MULLAN, JJ.