PEASE PIANO COMPANY, Respondent, *v.* WELL-BILT TABLE CO., INC., Appellant.

Supreme Court, Appellate Term, First Department, December 12, 1933.

*Blau, Perlman & Polakoff* [*William Blau* and *Samuel Mezansky* of counsel], for the appellant.

*Samuel Weinstein,* for the respondent.

PER CURIAM. The tenant having elected to regard the acts of the landlord as constituting an actual partial eviction, and having set up that defense and tried the case on that theory, we are not required to review the orders striking out his counterclaims. (*Peerless Candy Co.* v. *Halbreich,* 125 Misc. 889, 891.)

The motion for leave to serve a supplemental answer is based upon the claim that the parties had agreed to settle their differences, pursuant to which the tenant was to release the landlord from all demands; that the tenant performed all conditions and that the landlord was accordingly estopped from maintaining the proceeding. It clearly appeared, however, that no agreement was ever reached by the parties; the proposed stipulation drawn by the landlord's attorney and sent to the tenant's attorney was never signed or returned to the attorney for the landlord, and no release was delivered by the tenant. It follows that the ruling complained of does not present prejudicial error.

In support of his contention that he was partially evicted defendant testified that on or about December seventeenth one or more pipes in the sprinkler system on the fifth floor burst, causing water to leak down to the tenant's premises on the first floor, and water continued to drip down on his premises during January, March and April, the period for which rent is demanded; that as the water dripped down on his merchandise he removed his stock to other

parts of the premises, and was thus deprived during all of the said period, of loft space, measuring about fifty by one hundred feet, during said months. The landlord and his witness denied the existence of any such condition as claimed.

The refusal to charge the defendant's request that if the jury found that during the months of January, February and March the tenant was partially evicted from the premises the landlord cannot collect any rent for those three months presents error requiring reversal. (Keogh Landl. & Ten., Summary Proceedings, 259–265.)

Final order and judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

Order denying motion for leave to serve supplemental answer affirmed. Appeal from other orders dismissed.

All concur; present, LYNDON, LEVY and CALLAHAN, JJ.