JOSEPHINE KENNEDY, Respondent, *v.* PETERART REALTY CORP., Appellant.

Supreme Court, Appellate Term, First Department, May 5, 1939.

*Sol Rothschild*, for the appellant.

*Aaron Rosenthal*, for the respondent.

PER CURIAM. Respondent seeks to sustain the judgment in her favor on the theory that there was a partial actual eviction in this case. But such eviction commenced on September twenty-second and ended on the same day; it was no defense to the rent which had become due in advance September first (2 McAdam on Landlord and Tenant [4th ed.], p. 1435), and plaintiff's damage, there being no plea or proof of special damage, could not exceed a day's rent. If by reason of the eviction plaintiff had vacated the premises she would have been entitled to recover the proportionate part of the rent paid in advance for the balance of the month of September on the ground of failure of consideration (*Peerless Candy Co.* v. *Halbreich*, 125 Misc. 889, 891; *Matter of Strasburger*, 132 N. Y. 128); but her retention of possession to the end of the term prevents any such recovery.

The prior decision of this court relied upon by the respondent (*Upright Co.* v. *Delson*, 178 N. Y. Supp. 389) does not conflict with our conclusion in the present case. There the landlord's unlawful entry was made "on or about September 1st," and it was held he was thereby precluded from recovering the rent for that month.

The case of *Kaiser* v. *Marks* (115 N. Y. Supp. 119) does not conform with controlling decisions.

Judgment modified by reducing plaintiff's recovery to the sum of two dollars and costs, and as modified affirmed.

Appeal from order dismissed.

All concur. Present — HAMMER, SHIENTAG and NOONAN, JJ.