JULES BROWN, Landlord, Appellant, *v.* HARRY KAUFMAN, Tenant, Respondent.

Supreme Court, Appellate Term, Second Department, April 24, 1947.

*Louis M. Brass* for appellant.

*Harry J. McDermott* for respondent.

MEMORANDUM *Per Curiam.* It was error to dismiss the petition on the theory that there was a partial constructive eviction. The tenant's failure to remove from the premises operates to defeat this defense. (*Boreel* v. *Lawton,* 90 N. Y. 293; *City of New York* v. *Pike Realty Corp.,* 247 N. Y. 245, 247.) If the defense is to be sustained as an actual partial eviction, it must appear that the tenant was deprived of a substantial part of the demised premises. (*Hudson Cos.* v. *Briemer,* 135 N. Y. S. 591; *Jackson* v. *Paterno,* 58 Misc. 201, affd. 128 App. Div. 474.) Failure to repair a refrigerator in the tenant's apartment is not an eviction. So, too, it is neither an actual nor a constructive eviction to deprive the tenant of access to a cellar which is in common use and, hence, not a part of the

demised premise. (*Adelson* v. *Katz*, N. Y. L. J., Jan. 30, 1923, p. 1470, col. 3.) It is not clear from this record whether the landlord and tenant actually shared the cellar space or whether its use by the latter was authorized on any other basis.

The final order should be unanimously reversed upon the law and a new trial granted, with $30 costs to the landlord to abide the event.

MacCrate, Steinbrink and Colden, JJ., concur.

Final order reversed, etc.