WEBB & KNAPP, INC., et al., Appellants, *v.* CHURCHILL'S TERMINAL RESTAURANT, INC., Respondent, et al., Defendants.

First Department, October 2, 1956.

*John P. McGrath* of counsel (*Martin D. Jacobs* with him on the brief; *Hodges, Reavis, McGrath, Pantaleoni & Downey,* attorneys), for appellants.

*Jacob M. Mandelbaum* of counsel (*Mandelbaum & Chassen,* attorneys), for respondent.

*Per Curiam.* In 1952, the landlord, Webb & Knapp, Inc. and 5239 Corporation, and the tenant, Churchill's Terminal Restaurant, Inc., executed a lease for a portion at the northwest corner of 41st Street and Park Avenue of the ground floor in the Airlines Terminal Building, at an annual rental of $32,500 for a term to commence upon a delivery of future possession and to expire in 1972. The lease was silent on the subject of exterior signs. In January, 1955, the architect, landlord's employee, to whom the tenant had been submitting all its plans in connection with the alteration and reconstruction of the premises, wrote a letter to the tenant stating: " We are also giving you permission herewith to erect an illuminated upright sign on the Park Avenue front, approximately 1 foot North from the corner of East 41st Street; the height of this upright sign shall not exceed 20 feet, and must meet all the rules and regulations of the various departments having jurisdiction." The next day the architect sent a letter to the tenant's contractor approving the drawings submitted to him of the proposed upright sign. The tenant had its " sign man " take measurements of the exterior wall and placed an order for a sign to cost about $2,000.

Thereafter, the tenant, as required by the letter of permission, prepared the appropriate application to be submitted to the Department of Housing and Buildings to obtain authority to erect the vertical sign. The landlord, however, refused to complete its portion of the application. It appeared that in 1951 the landlord, in a lease of the space directly above the restaurant, had covenanted not to erect or permit to be erected any

signs on the exterior wall of the upper floor. The restaurant's sign would have extended some 17 feet along the exterior wall of the upper floor. Unsuccessful attempts were made to obtain the permission of the upper tenant before the tenant herein took possession of the premises.

The Municipal Court found that the letter was intended by the parties to enlarge the demise to include the upper wall space necessary to affix the vertical sign. It concluded, therefore, that landlord, by depriving the tenant of the use of that space, had partially evicted the tenant, thus relieving it of the obligation to pay rent. The Appellate Term unanimously affirmed the final order and judgment of the Municipal Court in favor of the tenant, and this court granted leave to appeal.

While there are strong indicia in the letter of permission and the surrounding circumstances that the tenant's right to affix a vertical sign was of less than leasehold interest (cf. *Layton* v. *Namm & Sons*, 275 App. Div. 246, affd. 302 N. Y. 720; *Meers* v. *Munsch-Protzmann Co.*, 217 App. Div. 541), it is unnecessary to resolve the landlord's contention in this regard. The act of measuring the wall, upon which the tenant relies as evidence of actual possession, took place prior to the commencement of the term of the lease, or the taking of possession of the demised store premises. At the time the tenant took possession, the landlord had already indicated that it could or would not permit the tenant to erect the vertical sign. There is no evidence in the record of any conduct by the tenant or another on its behalf, after March 1955, which can be characterized as a taking of possession of the exterior wall of the upper floor. (See *Town of Oyster Bay* v. *Jacobs*, 109 App. Div. 613.)

In the cases relied on by the tenant, there had been actual possession by a tenant of the space from which it had been evicted, or was threatened with eviction, by the landlord. (See, for example, *Fifth Ave. Bldg. Co.* v. *Kernochan*, 221 N. Y. 370; *300 West 56th St. Corp.* v. *Evans*, 286 App. Div. 489.) In this case, there was never any taking of possession of whole or part of the premises, before landlord made known that it would or could not consent to the erection of the vertical sign. There is no authority to extend the defense of partial eviction to situations such as this, where, it can only be said, at best, that the tenant did not receive all for which the letting called. (*Forshaw* v. *Hathaway*, 112 Misc. 112.)

This view, of course, does not infringe on any right to recover which tenant may have, in any other action or proceeding it may be advised to bring, on the letter of permission granted to it. (Civ. Prac. Act, § 1445.)

The determination of the Appellate Term and the final order dismissing the petition should be reversed, on the law and the facts, and an order should be entered awarding possession to the landlord, together with judgment for the unpaid rent demanded in the petition without prejudice, however, to the tenant's right, if any, to recover in an appropriate action for the failure of the landlord to comply with its obligations, if any, as set forth in the letter of permission. Settle order on notice.

BREITEL, J. P., RABIN, COX, FRANK and VALENTE, JJ., concur.

Determination of the Appellate Term and final order dismissing the petition unanimously reversed, on the law and the facts, and an order is directed to be entered awarding possession to the landlord, together with judgment for the unpaid rent demanded in the petition, without prejudice, however, to the tenant's right, if any, to recover in an appropriate action for the failure of the landlord to comply with its obligations, if any, as set forth in the letter of permission. Settle order on notice.