Keating, J.
This is an appeal by the defendants from an order of the Appellate Division, First Department, which modified, on the law and the facts, a judgment of the Supreme Court, New York County, awarding plaintiff treble damages for forcible ejectment from a portion of leasehold premises, by eliminating an item of $1,500 for legal expenses, and, as modified, affirming.
Under the terms of a 10-year lease commencing July 1, 1960, at an annual rental escalating from $12,000 to $14,000 over the term, plaintiff leased the entire eighth floor of certain premises in New York City. The premises, used for commercial art *102 work, photographing and illustrating studios, subleasing to transient commercial artists, and office space for the plaintiff, are partitioned into numerous separate rooms.
Defendants are the lessor, and-Charles Kretchmer Inc., a construction company which participated in the ejectment of plaintiff for the purpose of constructing elevators in plaintiff’s premises. A third defendant, MP-0 Videotronics, Inc., was released from liability by the trial court and is not involved in this appeal. We note, however, that its status as a new lessee of the fourth, fifth, sixth, and seventh floors of the premises prompted defendant to appropriate the portion of plaintiff’s leasehold in question.
The record leaves no doubt that plaintiff was forcibly ejected from a portion of the leasehold without justification and over strenuous objection, and that treble damages are appropriate in the circumstances (Real Property Actions and Proceedings Law, § 853).
■ We find no error in the exclusion of parol evidence seeking to vary the terms of the lease and pass immediately to the substantial question on this appeal relating to the measure and application of the appropriate rule of damages.
The courts below found that 269 square feet of valuable office space was appropriated and that, while the plaintiff paid $1.90 per square foot for this area under the lease, it had an actual value of $5 per square foot. With evidence to support this valuation, the court stated: “The actual rental loss thereby suffered by the plaintiff is $1,345 per year [269 times $5] and for the balance of the unexpired lease [8 years] it amounts to $10,760. As this damage should be trebled, the damage award for this item amounts to $32,280.” Defendants were given an opportunity to have the judgment reduced by $1,345 per year if they would stipulate to an equal reduction in the annual rental due under the lease.
Defendants challenge this computation upon the ground that an erroneous rule of -law was applied. We agree.
The rule, stated in numerous cases, is that, for an actual partial eviction, the measure of damages is the difference between the actual rental value and the agreed upon but unpaid rent. (Buhrmaster v. Ainsworth, 90 Hun 563; Peerless Candy Co. v. Halbreich, 125 Misc. 889; Denison v. Ford, 7 Daly 384 [Ct. of *103 Common Pleas, Gen. Term, 1878]; Mack v. Patchin, 42 N. Y. 167; Dodds v. Hakes, 114 N. Y. 260; Lieberman v. Graf Realty Holding Co., 174 App. Div. 774, 776.) And if the full rent is paid, as here, the plaintiff is also entitled to receive “ the proportionate part of the rent of that portion of the premises from which he is evicted.” (Peerless Candy Co. v. Halbreich, 125 Misc. 889, 891, supra). In this case, that amount, prima facie, would be $1.90 per square foot for 269 square feet, or $511.10 per year.
The defendants also contend that the final award, insofar as it covers damages for an eight-year appropriation, must be reduced to an amount equal to its present worth.
In the present circumstances, we agree. We think that due regard for an award which neither overcompensates the plaintiff nor unduly penalizes the defendants warrants reduction of the award to its present value. (See Hollwedel v. Duffy-Mott Co., 263 N. Y. 95; Cornell v. T. V. Development Corp., 17 N Y 2d 69, decided herewith.)
Under standard valuation tables, if we employ a discount rate of 5% the present value of $1 of annual income for eight years is $6.155. In the following computations, we will employ these “ present worth ” figures.
The errors committed below now become apparent. Instead of allowing the plaintiff treble damages only for the difference between rent received under the lease and rental value, treble damages were allowed for the full rental value, and, instead of allowing defendants a reduction of the judgment upon stipulating to a reduction in rent due under the lease, reduction based on rental value was allowed. The effect of the erroneous reduction provision, of course, allowed the defendants to obtain full rental value where, at best, they were only entitled to the $1.90 per square foot reserved.
The appropriate rule of damages to be applied in a case such as this was succinctly stated in the Encyclopedia of New York Law (Vol. 3, Damages, § 1024), citing Holmes v. Davis (19 N. Y. 488): “When an action of ejectment is brought by a tenant against his landlord for the recovery of the possession of the demised premises, the damages recoverable for withholding the possession are the value of the use and occupation under the terms of the lease, and not the value of such use and occupation *104 on the basis of a general ownership by the tenant, and consequently the rent which the tenant toould have been liable to pay if he had enjoyed the possession is to be deducted from the value of the use and occupation during the period of the withholding of the possession.” (Emphasis added.)
Applying this rule to the present case, the court should have multiplied the 269 square feet taken by the difference between rental value and rent reserved ($3.10) to arrive at an annual damage value of $833.90, multiplied by the unexpired term (eight years) for a total damage award of $6,671.20, trebled to $20,013.60. When reduced to its present value, this award comes to $15,397.95.
The $15,397.95 award assumes that the plaintiff will not pay rent for the portion of the leasehold taken.
Of course, if it does pay that rent over the course of the term, it is entitled to have an amount added to its award to reflect this payment. Plaintiff will pay $511.10 per year, $4,088.80 for the term. Since the plaintiff will have the use of this money until it is due under the lease no question of “ present value ” is presented. But the plaintiff is entitled to have the benefit of this either by defendants’ stipulation that it need not be paid in the first place, or by giving the plaintiff an amount added to the $15,397.95 equal to the rent which it will have to pay over the term—reduced to its present value — since the plaintiff will receive an amount now which will be returned to defendants only over a period of eight years. This amount is $3,145.82, the present value of $4,088.80.
If the defendants so stipulate, therefore, this item of the award is $15,397.95. If the defendants fail to so stipulate, this item is $18,543.77, and the plaintiff will continue to pay rent of $511.10 per year for the appropriated leasehold interest.
It should be noted that at no point in our computation of the recovery is the actual rent reserved for the appropriated portion a factor to be trebled. The plaintiff is fully compensated for its damage by an award of the difference between rent reserved and rental value. The rent which it pays for the appropriated portion, and which it is entitled to receive back either by way of proportional abatement of rent over the term, or by a lump sum added to the damage award, is not technically a part of its damages. It represents only a sum which it should *105 not properly be required to pay and its return in either of the above two ways is a foregone conclusion. Neither reason nor the rule of damages requires this sum to be trebled.
To recapitulate, then, the courts below erred in (1) failing to measure the damage by the difference between rental value and rent reserved, (2) trebling that portion of the final award which does not, in fact, represent an element of damage, and (3) determining the reduction option on the basis of rental value rather than rent reserved.
The defendants also object to a $3,000 treble damage award, ascribable to loss of profits, on the ground that it is speculative and conjectural. We cannot agree.
As a result of the ejectment and consequent loss of space, plaintiff corporation necessarily terminated the services of one employee. The testimony is that this employee was a commercial artist, that he sold his art work, and that all of the proceeds went to the plaintiff. In return the employee was paid $700 per month as salary. After establishing the proceeds of his sales at approximately $13,000 in 1960 and a like amount in 1961, and $10,000 through approximately the first six months of 1962 to the time of the ejectment, the employee testified that his work, which he continued on his own, produced $5,000 in the remainder of 1962 which would have inured to the plaintiff’s benefit.
The defendants contend that plaintiff established only gross loss and failed to show what expenses were included in producing this income, and that an award may not stand on the basis of gross income alone. The record, however, makes it amply clear that the corporation engaged primarily in a service and that talent rather than capital investment was its main source of income. Whatever expenses were necessary for performance of the commercial art work would seem to be minimal and should not form the basis for upsetting an otherwise reasonable award.
Moreover, it appears that consideration was, in fact, given to the question of expenses. Accepting the gross income of $5,000 for the duration of the year after the ejectment, less a salary paid to this employee of $3,500 ($700 per month for five months), net loss to the plaintiff of $1,500 would be indicated. Discounting further for possible expenses incurred, an award of $1,000 is clearly not arbitrary or unreasonable. The rule to be applied is a flexible one, for as this court said long ago in *106 Wakeman v. Wheeler & Wilson Mfg. Co. (101 N. Y. 205, 209): " When it is certain that damages have been caused by a breach of contract, and the only uncertainty is as to their amount, there can rarely be good reason for refusing, on account of such uncertainty, any damages whatever for the breach. A person violating his contract should not he permitted entirely to escape liability because the amount of damages which he has caused is uncertain.”
In connection with this item of loss of profits, one further point warrants mention.
After alluding to the difficulty of establishing lost earnings with precision, the court stated that it would award “ a nominal amount which should be ascribed as loss of earnings for the balance of the year 1962 * * * in the sum of $1,000.” (Italics supplied.)
Defendants correctly point out that á nominal award is 6 cents or $1, hut not $1,000. (Sackett v. Thomas, 4 App. Div. 447.) Nonetheless, we think it is clear from the evidence offered that the $1,000 award was termed “ nominal ” not as a word of art, but rather as an indication that the court was fixing an award on the conservative side of the damages sustained. We agree with the Appellate Division that 1 ‘ There was sufficient evidence on which to predicate a finding of loss of profits in the sum of $1,000.”
The order appealed from should be reversed and the matter remitted to the Supreme Court, New York County, for further proceedings in accordance with this opinion.
Chief Judge Desmond and Judges Fuld, Van Voobhis, Bubke, Scileppi and Bebgan concur.
Order reversed, with costs in this court and in the Appellate Division, and matter remitted to the Supreme Court for further proceedings in accordance with the opinion herein.