**Jerald HABIB, Plaintiff,**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant.**

**No. CV 83–0894.**

United States District Court,
E.D. New York.

Sept. 23, 1983.

Michael Weinberger, New York City, for plaintiff.

Pizzitola & DiBlasi, P.C., Brooklyn, N.Y., for defendant; Vincent A. DiBlasi, Brooklyn, N.Y., of counsel.

MEMORANDUM OF DECISION
AND ORDER

MISHLER, District Judge.

The action arises from the purposeful destruction of plaintiff's automobile. Jerald Habib insured his 1976 Pontiac Firebird automobile with defendant Government Employees Insurance Company ("GEICO") under a certain policy that included collision coverage. Habib alleges that while he was in the hospital following an automobile accident, GEICO improperly directed that the damaged 1976 Firebird be "shredded" and that, as a result, plaintiff was unable to investigate or develop evidence respecting "the possibility of a defect in the car" (Complaint ¶ 21). Mr. Habib seeks damages in the amount of $1,000,000 on the grounds (1) that GEICO breached its contract with him by destroying the car without his permission and (2) that GEICO negligently had his car destroyed, impairing his cause of action against the car's manufacturer. GEICO now moves for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P. GEICO has submitted an affidavit and exhibits in support of its motion which would ordinarily convert it to a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. The parties have agreed, however, that the court should exclude all documents outside the pleadings and consider the motion on the basis of only the pleadings. The court has this discretion under Rule 12(c), Fed.R.Civ.P. *See Larsen v. American Airlines, Inc.,* 313 F.2d 599, 601 (2d Cir.1963) (affidavits submitted in support of motion pursuant to Rule 12, Fed.R.Civ.P. can be excluded within trial court's discretion.)

DISCUSSION

In a motion for judgment on the pleadings the trial court is required to construe all well pleaded factual allegations of the

nonmoving party as true, and to draw in favor of that party all reasonable inferences from these facts. *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir.1977); *Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283, 286 (2d Cir.1974). Assuming all the allegations in the complaint to be true, the plaintiff may have a cause of action for defendant's breach of the insurance contract. The complaint states: "[p]ursuant to this contract, in the event of an accident if defendant took custody or control of the car, defendant had an obligation to maintain the automobile in substantially the same condition that it was in at the time of the accident until title to the automobile was transferred over to defendant, or until plaintiff gave defendant permission to destroy the automobile." (Complaint ¶ 8). The defendant did have possession of the car after Mr. Habib's accident. (Complaint ¶ 10). GEICO, or its agents destroyed Mr. Habib's car. (Complaint ¶¶ 13, 14). Mr. Habib did not give his permission for the destruction of the car. Therefore, Mr. Habib may have been damaged in pursuing a lawsuit against the manufacturer for an alleged design defect in the car.

The defendant's response is to claim that plaintiff is not precluded from pursuing a cause of action against the car's manufacturer merely because of the car's unavailability. GEICO asserts that an expert may testify based upon an examination of cars similarly constructed. This assertion overlooks the added costs of such a litigation strategy and who shall bear the costs. GEICO also claims that Mr. Habib's damage is purely speculative which precludes recovery, citing *James Wood General Trading Estab. v. Coe*, 297 F.2d 651 (2d Cir.1961) for support. But New York courts do not require scientific rigor in the calculation of damages. *Lexington Products Ltd. v. B.D. Communications*, 677 F.2d 251, 253 (2d Cir.1982). The *Lexington* court added:

> When it is certain that damages have been caused by a breach of contract, and the only uncertainty is as to their amount, there can rarely be any good reason for refusing, on account of such uncertainty, any damages whatever for the breach. A person violating his contract should not be permitted entirely to escape liability because the amount of the damage which he had caused is uncertain.

*Id.* (quoting *Randall-Smith, Inc. v. 43d St. Estates Corp.*, 17 N.Y.2d 99, 106, 268 N.Y.S.2d 306, 312, 215 N.E.2d 494, 498 (1966) and *Wakeman v. Wheeler & Wilson Mfg. Co.*, 101 N.Y. 205, 209, 4 N.E. 264, 266 (1886)); *accord Contemporary Mission, Inc. v. Famous Music Corp.*, 557 F.2d 918, 926 (2d Cir.1977). The *Lexington* court further noted that the Supreme Court has stated that where a wrong has been done, the courts will endeavor to make a reasonable estimate of damages. *Lexington, supra* at 253 (*citing Bigelow v. R.K.O. Radio Pictures*, 327 U.S. 251, 264–66, 66 S.Ct. 574, 579–80, 90 L.Ed. 652 (1945)). Mr. Habib's damage might be calculated as his increased costs of litigation caused by GEICO's breach.

GEICO also claims that Mr. Habib does not have a valid cause of action in negligence because GEICO owed him no duty to preserve the car and any resulting harm to Mr. Habib was not foreseeable. Insurance companies may not have a general duty to preserve the insured's destroyed property, but here there was an explicit contractual requirement for GEICO to preserve the car if damaged. Such a contractual provision may create a duty, not otherwise existing, from which negligence may arise. *Rozner v. Resolute Paper Products Corp.*, 37 A.D.2d 396, 326 N.Y.S.2d 44, 46, *aff'd*, 31 N.Y.2d 934, 340 N.Y.S.2d 927, 293 N.E.2d 94 (3d Dep't 1971). The negligence arises "not because of a breach in the contract but because of a failure to perform the contractual duty with due care." *Id.* GEICO's failure to perform its contractual duty with due care may have damaged Mr. Habib's cause of action against the car's manufacturer.

In addition, GEICO claims that it was not reasonably foreseeable that the car's de-

struction would harm Mr. Habib. We find this contention difficult to accept. GEICO, as an insurance carrier, must be aware of the numerous cases involving product liability of defective automobiles. *See, generally,* Katz, Liability of Automobile Manufacturers for Unsafe Design of Passenger Cars, 69 Harv.L.Rev. 863 (1956). At the very least, reasonable people could differ as to whether the injury was foreseeable. *Cf. Havas v. Victory Paper Stock Co., Inc.,* 49 N.Y.2d 381, 386, 426 N.Y.S.2d 233, 236, 402 N.E.2d 1136 (1980) (jury is best equipped to determine if defendant was negligent). Therefore, we cannot now say that the defendant was not negligent.

The motion for judgment on the pleadings is denied, and it is

SO ORDERED.