487 Elmwood, Inc., Appellant-Respondent, v William D. Hassett, Jr., et al., Respondents-Appellants, et al., Defendant.

Fourth Department, March 1, 1985

### APPEARANCES OF COUNSEL

*Magavern, Magavern, Lowe, Beilewech, Dopkins & Fadale* (*Michael Beilewech, Jr.,* of counsel), for appellant-respondent.

*Falk, Siemer, Glick, Tuppen & Maloney* (*Edwin H. Wolf* of counsel), for McDonald's Corporation and others, respondents-appellants.

*Brown, Kelly, Turner, Hassett & Leach* (*Roger A. Olson* of counsel), for William D. Hassett, Jr., and another, respondents-appellants.

**OPINION OF THE COURT**

SCHNEPP, J.

We are concerned on this appeal with the rights of a shopping plaza tenant whose easement to use an area reserved for automobile parking was limited by the erection of an encroaching business structure. Plaintiff, a major tenant in the plaza owned by the defendants William D. Hassett and Leo Townsell, possessed the right under its lease to use the existing plaza parking area in common with the other plaza tenants. On April 24, 1978, defendant owners leased approximately two thirds of the parking area to the McDonald defendants (McDonald's Corporation, McDonald's of Kensington Ltd. and Franchise Realty Interstate Corp.), who proceeded to demolish the parking lot and construct a McDonald's restaurant on the site which opened for business on September 12, 1979. The plaintiff commenced this action on or about August 28, 1979 and asserted in its complaint causes of action for interference with its right to use the parking lot, trespass, breach of the covenant of quiet enjoyment and partial actual eviction. It sought injunctive relief mandating removal of the restaurant, $50,000 compensatory damages, repayment of all rents paid to the landlords from March 1979, and punitive damages.

After a Bench trial, the court found that plaintiff by reason of its sublease had an easement to use the parking area adjacent to its store in common with other tenants with which the defendant lessors and McDonald's improperly interfered. The court, however, found that plaintiff was not actually partially evicted since the encroachment of the restaurant did not result in a loss of ingress or egress but only limited the easement by reducing the number of available customer parking spaces. It awarded only nominal damages against the defendants on plaintiff's claim for breach of the lease agreement and interference with the easement, denied plaintiff's claim for repayment of rents and dismissed as legally insufficient plaintiff's causes of action for equitable relief and punitive damages. Plaintiff appeals and defendants cross-appeal from the judgment. The amount of damages is the underlying question raised on plaintiff's appeal, while defendants' concern is with the finding that they violated any rights of plaintiff.

In an earlier appeal of this case, we held that plaintiff acquired an easement for the use of the parking area appurtenant to its leasehold and that "[i]f these defendants [McDonald's] had knowledge of any fact sufficient to put them on inquiry as to the existence of plaintiff's easement, a cause of action exists against

them for interference with plaintiff's right to use the parking area." (*487 Elmwood v Hassett*, 83 AD2d 409, 412-413.)

On trial, the proof established that McDonald's real estate manager was aware of plaintiff's lease, that he inspected the premises and that he noted its use as a parking area for the plaza, and the court properly found that McDonald's "had sufficient constructive notice of the possible existence of Plaintiff's easement necessitating a duty to make further inquiry; that Defendants MCDONALD failed to make that inquiry and have improperly interfered with Plaintiff's right to use the parking area". Thus, the McDonald defendants are liable for interfering with plaintiff's easement which was appurtenant to its leasehold. Defendant lessors are also liable because they knowingly breached the lease, interfered with plaintiff's easement and in our view partially evicted plaintiff from its leasehold.

"An actual eviction occurs only when the landlord wrongfully ousts the tenant from physical possession of the leased premises. There must be a physical expulsion or exclusion * * * And where the tenant is ousted from a portion of the demised premises, the eviction is actual, even if only partial" (*Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82-83). Defendant lessors argue that plaintiff could not be evicted from the parking area since the parking lot was not part of the demised premises, i.e., plaintiff did not acquire a right of possession but obtained only an easement. The trial court rejected this argument, but held that defendants' interference with plaintiff's easement would only rise to the level of an actual eviction if it resulted in a loss of ingress or egress to plaintiff's business.

While there is no question that depriving a tenant of the use of an easement controlling ingress and egress to the demised premises amounts to a partial actual eviction (2 Rasch, New York Landlord and Tenant, Summary Proceedings § 914 [2d ed]), an actual eviction can also result from interference with other appurtenant rights. Thus, depriving the tenant of the use of a hallway lavatory (*524 W. End Ave. v Rawak*, 125 Misc 862), or access to the use of a freight elevator (*Broadway-Spring St. Corp. v Berens Export Corp.*, 12 Misc 2d 460), or merely changing or limiting the means of ingress and egress without denying access to the leased premises (*Seigel v Neary*, 38 Misc 297; *Hamilton v Graybill*, 19 Misc 521) can amount to an actual eviction from a substantial portion of the premises.* The deci-

---

* Some courts have also held that a partial actual eviction is established where the landlord interferes with an easement of light and air granted by the lease (*Leventhal v Straus*, 197 Misc 798; *Schulte Realty Co. v Pulvino*, 179 NYS 371; *Adolphi v Inglima*, 130 NYS 130) but these cases have been criticized by

sions are not uniform, however, and it is apparent that each case must be decided on its own particular facts. For example, depriving a tenant of access to a cellar used in common for storage (*Brown v Kaufman,* 188 Misc 1025), wrongfully interfering with a tenant's right to erect a sign (*Webb & Knapp v Churchill's Term. Rest.,* 2 AD2d 332), or painting over glass doors which permitted potential customers to view plaintiff's business (*Broadway Copy Serv. v Broad-Wall Co.,* 77 AD2d 827) do not amount to an actual eviction, although the tenant is allowed a cause of action for damages for breach of the lease.

■ Here, it was admitted by one of the lessors that adequate parking was important to plaintiff's business. Although plaintiff failed to show an actual loss of business resulting from the demolition of the parking lot, it was deprived of a substantial part of its easement which was necessary to the full use of the leased premises. On these facts plaintiff has demonstrated an actual, although partial, eviction by the lessors.

Plaintiff sued for damages, including the return of all rents paid from March 1979 through the end of the lease term. In the posture in which this case was sued, plaintiff was entitled to compensatory damages but it was not entitled to a full refund of the rent which it voluntarily paid to the lessors.

It is well established that in a case of partial actual eviction, "liability for all rent is suspended although the tenant remains in possession of the portion of the premises from which he was not evicted." (*Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77, 83, *supra; Frame v Horizons Wine & Cheese,* 95 AD2d 514, 518.) "The consequence of an eviction from part is not merely a discharge of the tenant from the rent, provided he abandons the residue, but it is a discharge of the tenant from any rent or liability for the occupation of the residue, during the term of hiring" (*Christopher v Austin,* 11 NY 216, 219). However, partial actual eviction is a defense to an action by the landlord for nonpayment of the rent; it is not an affirmative cause of action for the refund of rent already paid. In cases of partial eviction "the tenant's refusal to pay rent constitutes an election of remedies, and the tenant has no claim for damages" (*Frame v Horizons Wine & Cheese,* 95 AD2d 514, 518, *supra*). Conversely, where the tenant elects to assert a claim for damages he thereby waives the eviction as a defense in an action for the rent (*supra,* pp 518-519; *Peerless Candy Co. v Halbreich,* 125 Misc 889).

the Court of Appeals and their continued validity is doubtful (*Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77, 85-86, *supra*).

Here, plaintiff stipulated that it paid the rent as it became due under the lease. Plaintiff, therefore, is bound by its election to claim damages from the lessors and it is not entitled to a return of the rent already paid to them; it is not entitled to both rent and damages. By paying the rent as it became due, plaintiff waived the right to claim that it was discharged from any rent or liability for its occupation of the residue of the premises and the waiver operated as an estoppel against it.

Where a tenant elects to remain in possession and pay the rent after a partial actual eviction, he may claim as damages from his lessor "(a) (1) The proportionate part of the rent of that portion of the premises from which he is evicted. (a) (2) Consequential damages, if any. (b) The difference between the actual rental value of the portion from which he is evicted and the proportionate part of the rent of that portion. (c) Loss of profits. His recovery for each of the above items may be had, however, only for the remainder of the period for which that rent was due or until the eviction ends, if that occurs first." (*Peerless Candy Co. v Halbreich,* 125 Misc 889, 891-892, *supra; see, Frame v Horizons Wine & Cheese,* 95 AD2d 514, 519, *supra;* 2 Rasch, New York Landlord and Tenant, Summary Proceedings § 982, at 424; *see also, Randall-Smith v 43rd St. Estates Corp.,* 17 NY2d 99.) Punitive damages are not allowed because the tenant's claims are for breach of contract involving merely a private wrong (*Sam & Mary Hous. Corp. v Jo/Sal Market Corp.,* 100 AD2d 901; *Frame v Horizons Wine & Cheese, supra,* p 519).

In order to prove its damages, it is incumbent on plaintiff to establish through expert testimony that portion of the rent reserved in the lease allocable to the approximately two thirds of the parking area from which it was evicted. It may claim as a part of its damages a refund of this portion of the rent paid. In addition, plaintiff may be able to establish through expert testimony that the *actual* rental value of the portion of the premises from which it was evicted was greater than the proportionate part of the lease rental allocable to it. If so, it may claim as additional damages the difference between the actual rental value of the portion of the premises from which it was evicted (i.e., that part of the parking area which it could no longer use) and the proportionate part of the rental for that portion.

As against the McDonald defendants, plaintiff is entitled to recover damages for the diminution in the usable value of the property for the remainder of the term (*see, Baumann v City of New York,* 227 NY 25; Ann., 12 ALR2d 1192, 1214). As a general rule, the measure of compensatory damages is the

difference between the value of the leasehold as it was before the injury and its value after the injury (*see,* 33 NY Jur, Landlord and Tenant, § 152, at 487).

We agree that as a matter of fairness plaintiff should have the opportunity on a retrial to establish these items of damage. It appears that both the parties and the court misapprehended the true measure of plaintiff's loss and the appropriate rule of damages. It is possible that upon a new trial the plaintiff will be able to prove that it has suffered a substantial loss and it should be afforded this opportunity to do so (*see, Lieberman v Graf Realty Holding Co.,* 174 App Div 774). Plaintiff, however, was given the opportunity to establish consequential damages and loss of profits at the trial. It attempted to show lost profits through its accountants, who endeavored to show a loss of sales linked to the reduction in customer parking space. Plaintiff failed to prove, however, that there was any causal link between the loss of parking and its over-all sales. Its evidence was properly rejected by the trial court as "legally insufficient to establish present or future losses proximately caused by a reduction of available customer parking".

■The remaining issues raised by plaintiff are without merit. From our examination of the record it appears that the court properly found that plaintiff failed to object to the construction of the restaurant until after 80% of the site work and 65% of the building construction had been completed and then only objected to the defendant lessors. Under these circumstances it is now estopped from demanding equitable relief consisting of the removal of the restaurant and the enjoining of its continued operation. In any event, although plaintiff was not entitled to this relief on the facts of this case, its lease terminated on June 30, 1984 and this issue is now moot.

The plaintiff is entitled to judgment against the McDonald defendants for interference with its easement and against its lessors for partial actual eviction. Nevertheless, the plaintiff has suffered a single injury and for that injury there may be but one satisfaction (*see, Matter of Parchefsky v Kroll Bros.,* 267 NY 410, 414; *Sarine v American Lumbermen's Mut. Cas. Co.,* 258 App Div 653, 655). Although the damages may be arrived at differently depending on the nature of plaintiff's relationship to the individual defendants, regardless of the style of the cause of action there has been only one injury and the measure of damages is essentially the same. Whether any of the defendants is entitled to apportionment or indemnification is not before us on this appeal.

Accordingly, inasmuch as plaintiff has established that the defendant lessors wrongfully evicted it from a portion of the leasehold premises and that the McDonald defendants wrongfully interfered with its enjoyment of the easement, the judgment should be modified by deleting the award of nominal damages and the case remitted for a new trial limited to the issue of damages, excluding any claim for lost profits caused by a reduction of available customer parking which plaintiff failed to establish at trial.

DILLON, P. J., HANCOCK, JR., DOERR and GREEN, JJ., concur.

Judgment unanimously modified, on the law and facts, and as a matter of discretion in the interest of justice, and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Erie County, for a trial on the issue of damages only, in accordance with opinion by Schnepp, J.