■ 487 ELMWOOD, INC., Appellant-Respondent, v WILLIAM D. HASSETT, JR., et al., Respondents, and McDONALD'S CORPORATION, et al., Respondents-Appellants. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: The court's award of $13,400 against defendants McDonald's Corporation Franchise Realty Interstate Corp., and McDonald's of Kensington, Ltd. for damages for wrongful interference with plaintiff's enjoyment of its easement in a parking area was supported by the evidence and is not contrary to our decision in the prior appeal (see, 487 Elmwood v Hassett, 107 AD2d 285). The extent of the interference with plaintiff's easement was not previously in issue. Thus, our statement in our opinion on the prior appeal that "[i]n order to prove its damages, it is incumbent on plaintiff to establish through expert testimony that portion of the rent reserved in the lease allocable to the *approximately two thirds* of the parking area from which it was evicted" (supra, at 289; emphasis added), does not preclude the resolution at the new trial of factual issues concerning the extent of the wrongful interference (see, Sears, Roebuck & Co. v 9 Avenue-31 St. Corp., 274 NY 388, 400; Gugel v Hiscox, 216 NY 145, 150; 5 NY Jur 2d, Appellate Review, §§ 524, 526). "Nothing in this decision was binding upon the trial judge except the rule of law laid down" as to the appropriate rule of damages (Gugel v Hiscox, supra, at 151).

The trial court properly dismissed plaintiff's cause of action against defendants Hassett and Townsell for partial eviction

because plaintiff failed to establish the amount of its damages on that cause of action. On the prior appeal, we indicated that, in order to prove its damages for partial eviction, plaintiff was required to establish the portion of rent allocable to the area from which it was evicted. On the retrial, plaintiff's expert admitted that he could not ascertain the amount of rent allocable to the area from which plaintiff was evicted, and thus it became impossible to calculate the amount of damages suffered by reason of the partial eviction. (Appeals from judgment of Supreme Court, Erie County, Dillon, J.— partial eviction.) Present—Callahan, J. P., Doerr, Boomer, Green, and Davis, JJ.