■ APPLIANCE GIANT, INC., Respondent, v COLUMBIA 90 AS-SOCIATES, LLC, Appellant, et al., Defendant. [779 NYS2d 611]—

Rose, J. Appeals (1) from a judgment of the Supreme Court

(Benza, J.), entered March 14, 2003 in Albany County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered March 14, 2003 in Albany County, which denied a motion by defendant Columbia 90 Associates, LLC to, inter alia, set aside the jury verdict.

When defendant Columbia 90 Associates, LLC (hereinafter defendant) purchased a shopping center, it assumed obligations as lessor under an existing sublease of plaintiff's appliance store. Defendant then constructed an office building close by plaintiff's store. Alleging that defendant breached the terms of the sublease by its conduct during the course of the construction project, plaintiff commenced this action for damages. Following a trial, the jury found that defendant had breached the covenant of quiet enjoyment by interfering with the use of plaintiff's store and separately breached the sublease by depriving plaintiff of the use of 400 parking spaces. The jury awarded plaintiff the sums of $8,724 and $46,776, respectively, on these claims. Defendant appeals.

The jury's finding of a breach of the covenant of quiet enjoyment is supported by evidence that the limitations imposed by defendant's construction on customer access and plaintiff's use of its store constituted a constructive partial eviction (see e.g. Matter of Nostrand Gardens Co-Op v Howard, 221 AD2d 637 [1995]; Hidden Ponds of Ontario v Hresent, 209 AD2d 1025, 1026 [1994]). Also, the undisputed evidence established an actual partial eviction as a result of the loss of parking spaces (see e.g. Washburn v 166 E. 96th St. Owners Corp., 166 AD2d 272, 273 [1990]). Inasmuch as the jury's awards for these claims resulted from incorrect instructions as to the measure of damages, however, we must set them aside.

The measure of damages is essentially the same for actual or constructive partial evictions and, given the terms of the sublease here, consists of two components. First, where the lease rent is paid in full, as it was here, the tenant is entitled to recover that part of the rent attributable to the portion of the premises from which it was evicted. Second, the tenant is also entitled to the difference, if any, between the rent attributable to the portion of the premises from which it was evicted and the actual rental value of that same portion of the premises (see Randall-Smith, Inc. v 43rd St. Estates Corp., 17 NY2d 99, 102-103 [1966]; 487 Elmwood v Hassett, 107 AD2d 285, 289 [1985]; 2 Dolan, Rasch's Landlord and Tenant—Summary Proceedings § 28.83, at 389 [4th ed]).

As to defendant's breach of the covenant of quiet enjoyment, Supreme Court charged the jury that the damages would be the

difference between the actual rental value attributable to the portion of the premises which plaintiff could not use and the part of the rent reserved in the sublease that is attributable to that same portion. While this charge expresses the correct measure of damages where the rent is unpaid and the value lost exceeds the rent (*see* NY PJI 6:12 [2004]), it is insufficient here because plaintiff paid all the rent required by the sublease.

As to defendant's breach of its promise to provide 400 parking spaces, Supreme Court charged only this general breach-of-contract measure: "[T]he sum of money that will justly and fairly compensate the plaintiff for all losses directly resulting from such [breach]." This was an improper charge for an actual partial eviction (*see 487 Elmwood v Hassett, supra* at 289), and it also permitted the jury to compensate plaintiff for lost profits despite a provision in the sublease excluding the recovery of consequential damages.

Damages for breach of contract include general (or direct) damages, which compensate for the value of the promised performance, and consequential damages, which are indirect and compensate for additional losses incurred as a result of the breach, such as lost profits here (*see Schonfeld v Hilliard*, 218 F3d 164, 175-176 [2d Cir 2000]; *Aetna Cas. & Sur. Co. v Kidder, Peabody & Co.*, 246 AD2d 202, 209 [1998]; 36 NY Jur 2d, Damages § 10; Restatement [First] of Contracts § 329, Comment *f*).

Here, Supreme Court inconsistently ruled that plaintiff's lost profits were both consequential damages that could not be awarded for breach of quiet enjoyment, because the sublease excluded the recovery of consequential damages, and direct damages that could be awarded for breach of the parking requirement. In our view, however, plaintiff's direct damages are the actual rental value of the parking spaces lost due to defendant's breach, and they must be proven by expert testimony as to the portion of the rent allocable to those spaces (*see 487 Elmwood v Hassett, supra* at 289). Lost profits, even if shown to be foreseeable and caused by defendant's breach, are an item of consequential damages as to both of the breaches shown by plaintiff and, thus, are excluded by the terms of the sublease (*see Scott v Palermo*, 233 AD2d 869, 870 [1996]).

Since erroneous instructions resulted in improper jury awards, we order a new trial to afford plaintiff an opportunity to prove its direct damages only for both breaches (*see 487 Elmwood v Hassett, supra* at 290; *Lieberman v Graf Realty Holding Co.*, 174 App Div 774, 777 [1916]). In light of these rulings, we need not consider defendant's remaining contentions.

Peters, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered

that the judgment and order are modified, on the law, by reversing so much thereof as awarded damages; matter remitted to the Supreme Court for a new trial on the issue of damages only, with costs to abide the event; and, as so modified, affirmed.