Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered January 24, 2012, awarding plaintiff damages, and bringing up for review an order, same court and Justice, entered November 21, 2011, which, inter alia, denied plaintiff damages for breach of contract with respect to his interests in 145 East 76th Street, limited plaintiffs award of such damages with respect to a portfolio of distressed debt known as the Coolidge investments, and awarded plaintiff such damages with respect to 342 Madison Avenue, unanimously modified, on the law, to grant plaintiff damages with respect to 145 East 76th Street, grant additional damages with respect to the Coolidge *605 investments, remand for a recalculation of damages and interest, and otherwise affirmed, without costs. Appeal from the aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Where, as here, “it is certain that damages have been caused by a breach of contract, and the only uncertainty is as to their amount, there can rarely be good reason for refusing, on account of such uncertainty, any damages whatever for the breach. A person violating his contract should not be permitted entirely to escape liability because the amount of damages which he has caused is uncertain” (Randall-Smith v 43rd St. Estates Corp., 17 NY2d 99, 106 [1966] [internal quotation marks omitted]).
Here, plaintiffs expert used an investment valuation analysis because he determined that there was no market for the 76th Street property—a conclusion with which the lower court agreed. Despite this agreement, the court, mistakenly believing that this Court’s previous order required a market value analysis even if no such market existed, found that plaintiff failed to meet his burden of proof. This was error, especially where, as here, the court had the means to make a market value determination if it so desired.
It was also error for the court to limit plaintiff’s recovery regarding his interest in the Coolidge investments. The court relied on financial statements prepared by defendant to determine an amount due to plaintiff on closed investments as of the breach date, but declined to rely on that same spreadsheet for a figure as to what plaintiffs recovery would be if the entire portfolio had been fully liquidated or closed as of the breach date. The court premised its decision on the fact that the latter figure constituted an “adjustment” made at plaintiffs request. As argued by plaintiff, however, no such “adjust[ment]” occurred or was even necessary. Plaintiffs portion of the Coolidge investments was a straight percentage (either 15% or 25%) of defendant’s portion. Thus, if the figure representing defendant’s portion was reliable, so too was the figure representing plaintiff’s portion. The only thing that was done to the spreadsheet was that the CFO added a column for plaintiff which accounted for his proper percentage. Such was not an adjustment, but rather a straightforward calculation. Defendant fails to explain what possible difference it makes that the particular column was not included in previous reports.
To the extent defendant’s cross appeal relies on the argument that plaintiff failed to meet his burden of proof because his expert submitted an investment value analysis instead of a market value analysis, such arguments are rejected.
*606 We also reject defendant’s arguments that the court erred in refusing to hear evidence that amounts awarded to plaintiff should have been discounted.
We have considered the parties’ remaining arguments and find them unavailing.
Concur—Gonzalez, P.J., Mazzarelli, Moskowitz, Renwick and Manzanet-Daniels, JJ.