ALEC ROZNER, Respondent, *v.* RESOLUTE PAPER PRODUCTS CORP., Appellant and Third-Party Plaintiff-Appellant; CAROLINA PAPER MILLS, INC., Third-Party Defendant-Respondent.

Third Department, November 18, 1971.

*Borst, Smith, O'Loughlin, Smith & Abbey* (*Peter G. Abbey* of counsel), for appellant and third-party plaintiff-appellant.

*Gibbons & Burke* (*J. William Burke* of counsel), for third-party defendant-respondent. .

*Tabner & Carlson* (*Stuart J. Justice* of counsel), for respondent.

SIMONS, J. This is an appeal from a judgment of the Supreme Court in favor of plaintiff, entered upon a verdict rendered at a Trial Term, and from a judgment entered upon an order of said court which dismissed the third-party complaint.

The plaintiff was employed as a laborer by the United States Government and was injured in 1959 while he and other employees were unloading a railroad car filled with cartons of toilet tissue. In attempting to open the door of the railroad car, plaintiff was struck by a carton which fell from the car.

Appellant, Resolute Paper Products Corporation, sold the paper to the government. It did not make paper products but instead filled the order by purchasing the paper from the manufacturer, respondent Carolina Paper Mills, Inc. The employees of Carolina loaded the freight car at the plant in Rockingham, North Carolina, the car was inspected by government representatives after loading and then delivered to the government warehouse in Schenectady where the accident happened.

The contract between appellant and the government provided: "the supplies to be included in any carload shipment by rail shall be loaded, braced and blocked by the contractor in freight cars in accordance with the standards * * * published * * * by the Association of American Railroads * * * The contractor shall be liable for payment of any damage to any supplies caused by the failure to load, brace and block in accordance with acceptable standards indicated herein."

By all accounts, those standards for loading and bracing were not met.

The plaintiff contends, and the trial court held, that the violation of this provision in the contract between appellant and the

government created a cause of action in negligence in favor of the plaintiff against appellant.

A contract may create a duty, not otherwise existing, from which negligence may arise, but the negligence arises not because of a breach in the contract but because of a failure to perform the contractual duty with due care. The duty exists by contract, but if the promisor does nothing, he cannot be held liable in tort to a third party. (*B. L. W. Realty Holding Co.* v *Socony Mobil Oil Co.*, 32 A D 2d 312, affd. 26 N Y 2d 1002; *Peters* v. *Meyerbank Elec. Co.*, 24 A D 2d 740; *Rosenbaum* v. *Branster Realty Corp.*, 276 App. Div. 167.) The rule is otherwise when the promisor undertakes to perform the duty assumed in the contract. Then liability may arise with respect to one not a party to the contract who is injured by the promisor's failure to perform the duty with reasonable care. (*Melodee Lane Co.* v. *American Dist. Tel. Co.*, 18 N Y 2d 57; *Wroblewski* v. *Otis Elevator Co.*, 9 A D 2d 294; *Wisner* v. *Harmas Holding Corp.*, 1 A D 2d 957.) If the appellant had loaded the freight car in a negligent manner causing injury to plaintiff, liability would arise. That is common-law negligence. No contract would be required to establish a duty owing from appellant to plaintiff in that case. But appellant did not load the car, Carolina did, and the appellant cannot be held vicariously liable for the acts of an independent contractor. (*Berg* v. *Parson,* 156 N. Y. 109.) Nothing in the contract creates any additional duty on the part of the appellant which makes it answerable for plaintiff's damages when it has performed no affirmative act.

Even if it be argued that the contract created a duty chargeable to appellant to brace the load, liability would not follow unless it were found that the parties clearly intended the assumption of that duty and that its breach should result in liability in favor of nonparty plaintiffs personally injured. (*Ramos* v. *Shumavon*, 21 A D 2d 4, 6, affd. 15 N Y 2d 610.) On this record, the intention of the parties was that appellant should assume responsibility only for damages because of injury or loss of the shipment. The appellant's motions to dismiss the complaint and to set aside the verdict should have been granted.

The judgment in favor of plaintiff should be reversed, on the law and the facts, and complaint dismissed, without costs. Judgment in favor of third-party defendant should be affirmed, without costs.

STALEY, JR., J. P., GREENBLOTT, COOKE and SWEENEY, JJ., concur.

Judgment in favor of plaintiff reversed, on the law and the facts, and complaint dismissed, without costs. Judgment in favor of third-party defendant affirmed, without costs.