JAMES HAMILL, Appellant, *v.* FOSTER-LIPKINS CORPORATION et al., Respondents.

Third Department, April 19, 1973.

*Long & Gandler (George H. Barber* of counsel), for appellant.

*Donohue, Bohl, Clayton & Komar (Myron Komar* of counsel), for Foster-Lipkins Corporation, respondent.

*Schrade, Morris & Roche (Karl H. Schrade* of counsel), for George A. Fuller Co., Inc., respondent.

GREENBLOTT, J. P.   This is an appeal from an order of the Supreme Court at Trial Term, entered July 7, 1972 in Albany County, granting a motion by each of the defendants to dismiss the complaint and from the judgment entered thereon.

The plaintiff, an electrician, was working at the site of the Swan Street Building in the South Mall in the City of Albany. On February 21, 1969 he was directed by his employer (not a

party to this action) to go to a certain area of the construction site to determine what materials would be required to complete certain electrical work. In the course of accomplishing this task, the plaintiff had to pass from a concrete loading dock to ground level, some four feet below, by means of a wooden ramp. While walking down the ramp, he allegedly slipped and fell on ice which had collected on the ramp. This action was brought to recover damages for injuries resulting from that fall.

At the conclusion of the proof, the trial court dismissed on the ground that the evidence was insufficient to establish actionable negligence by either of the defendants. There were 10 prime contractors on the project, including plaintiff's employer, Forest Electric, and the respondent Foster-Lipkins Corporation, who was " general construction " contractor. Respondent George A. Fuller Company, Inc. was co-ordinator and supervising engineer. The relationship of contractor-subcontractor did not exist between any of these parties, although there were additional firms who were in a subcontractual relationship with respondent Foster-Lipkins Corporation.

Since Forest Electric was not a subcontractor to Foster-Lipkins Corporation, the latter was not under an affirmative duty to provide a safe place of work to the former's employees. The only duty owed by Foster-Lipkins Corporation was to refrain from active negligence by which the work site might be made unsafe (see *Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447, 457). Such negligence might have been established upon proof that Foster-Lipkins Corporation or a subcontractor for whose acts it would be liable had exercised control over the site of the injury, had constructed and/or installed the defective ramp, or had adopted said ramp as its own. However, the appellant's proof failed to establish these facts. The dismissal of the complaint against respondent Foster-Lipkins Corporation was, therefore, correct.

Plaintiff's cause of action against respondent George A. Fuller Company, Inc. was based on a breach of an alleged duty to administer a safety program for the entire project. This duty is said to arise from its contract with the State pursuant to which respondent Fuller's job was to supervise and co-ordinate all the work. There is no evidence whatsoever from which it could be found that respondent Fuller had asserted that the ramp was safe. The latter would constitute negligent performance of its contract, giving rise to liability with respect to one not a party to the contract who is consequently injured. It is well settled, however, that failure to perform at all is a nonfeasance which constitutes no more than a breach of con-

tract actionable only by one in privity of contract (*Rozner* v. *Resolute Paper Prods. Corp.*, 37 A D 2d 396; *Wroblewski* v. *Otis Elevator Co.*, 9 A D 2d 294). Plaintiff's reliance on *Lo Monaco* v. *43rd St. Estates Corp.* (36 A D 2d 722) is misplaced for there the general contractors were the owners and thus liable under their nondelegable duty to provide and keep a safe work site. A supervisory engineer, however, is not liable to the employees of prime contractors with whom he is not in privity except upon the commission of an affirmative act of negligence (see *Ramos* v. *Shumavon*, 21 A D 2d 4). The order dismissing the complaint against Fuller was, therefore, correct.

The order and judgment should be affirmed, with costs.

COOKE, SWEENEY, KANE and MAIN, JJ., concur.

Order and judgment affirmed, with costs.