■ MILTON UNGER et al., Respondents, v 351 BROADWAY RESTAURANT CORP. et al., Respondents, and A. ABNER et al., Appellants.—In an action to recover damages for personal injuries, etc., defendants A. Abner and Hauser Industrials, Inc. (Hauser), appeal from so much of an order of the Supreme Court, Kings County, dated December 3, 1975, as denied their separate motions for summary judgment dismissing the complaint of the plaintiff and the cross complaints of the codefendants. Order modified, on the law, by deleting so much of the first decretal paragraph thereof as denied in all respects appellants' motions for summary judgment and substituting therefor a provision granting the appellants summary judgment dismissing the complaint and all cross complaints asserted against them, except as to the cross complaint of 351 Broadway Restaurant Corp. as against Abner, which cross complaint is not dismissed. As so modified, order affirmed insofar as appealed from, without costs or disbursements. No fact findings were presented for review. On the record on this appeal, it is clear that Hauser did not cause plaintiff Milton Unger's injuries. If Abner breached any duty, it was a contractual duty owed to 351 Broadway Restaurant Corp., the party with which it contracted, and not one owed to the injured plaintiff (cf. *Hamill v Foster-Lipkins Corp.,* 41 AD2d 361, 363; *Olsen v Chase Manhattan Bank,* 10 AD2d 539, affd 9 NY2d 829). Accordingly, as a matter of law, appellants are entitled to summary judgment dismissing the plaintiffs' complaint. Since Hauser and Abner are not liable to plaintiffs, the cross complaints asserted against them by their codefendants, which cross complaints are based upon a possible finding for plaintiffs, should be dismissed (see *Rogers v Dorchester Assoc.,* 32 NY2d 553, 566). This is true except for the cross complaint of 351 Broadway Restaurant Corp. as against defendant Abner. What his duties were under their contract, whether he carried out such duties, and whether he is liable to 351 Broadway Restaurant Corp. in the event that plaintiffs prevail, are questions of fact which can only be determined at a trial. Defendants King Freeze Corp. and 351 Broadway Restaurant Corp. separately contend that they should be granted summary judgment in the event that such relief is granted to Hauser and Abner. We find these contentions to be without merit. King Freeze Corp. is not entitled to summary judgment since the testimony at the examination before trial of it is in conflict with the testimony given by the injured plaintiff at his examination before trial, and the sparse record presented concerning this defendant does not, as a matter of law, present a basis for a finding in its favor. 351 Broadway Restaurant Corp. is not entitled to summary judgment since it is the party for whom the work was performed and issues of fact arise regarding its duty to provide a safe place to work (see Labor Law, § 200; *Schnur v Shanray Constr. Corp.,* 31 AD2d 513). On the court's own motion, its decision and order, both dated October 5, 1976, are hereby amended by adding thereto a provision to the decretal paragraphs thereof severing the complaint as against appellants and all cross complaints asserted against them, except the cross complaint of 351 Broadway Restaurant Corp. as against Abner. Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.