■ RICHARD E. CONTE et al., Respondents, v AEOLIAN CORPORATION, Appellant, and Third-Party Plaintiff. TAYLOR MUSIC CENTERS, INC., Third-Party Defendant-Respondent. — Order unanimously reversed, without costs, motion granted and complaint dismissed. Callahan, J., not participating. Memorandum: Plaintiff and a coemployee arrived at defendant's loading dock, at about noon, to pick up a piano for their employer. They were told everyone was out to lunch and that, if they wanted help, they would have to wait until after the lunch hour. Instead of waiting, they decided to load the piano themselves. While loading the piano onto their truck, it fell, injuring plaintiff. Plaintiff filed a negligence action against defendant and defendant filed a third-party complaint against plaintiff's employer. Defendant appeals Special Term's denial of its summary judgment motion. In order for plaintiff to maintain this negligence action, he must show the existence of a duty owed to him by defendant and its breach *(Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 342; *Bernard v Village of Andover*, 8 AD2d 993, affd 7 NY2d 1050). Plaintiff's claim that a duty existed under common-law principles for defendant to assist in loading the piano is without merit. Defendant merely failed to provide assistance during its workers' lunch hour. Such behavior is not

the type of inaction that creates a duty (see *Moch Co. v Rensselaer Water Co., 247 NY 160, 167-168). Plaintiff's claim that defendant's shipping contract with his employer imposed an affirmative duty upon defendant to assist in loading the truck is also without merit. Even if the contract created a duty chargeable to defendant to load the piano, liability does not follow, because the record does not show that the parties clearly intended the assumption of that duty and that its breach should result in liability in favor of a nonparty plaintiff personally injured *(Rozner v Resolute Paper Prods. Corp.,* 37 AD2d 396, 398, affd 31 NY2d 934; *Ramos v Shumavon,* 21 AD2d 4, 6, affd 15 NY2d 610). If defendant breached any duty, it was a contractual duty owed to plaintiff's employer, the party with which it contracted, and not one owed to the injured plaintiff *(Unger v 351 Broadway Rest. Corp.,* 54 AD2d 695; *Hamill v Foster-Lipkins Corp.,* 41 AD2d 361, 363). (Appeal from order of Monroe Supreme Court — summary judgment.) Present — Cardamone, J.P., Simons, Callahan, Moule and Schnepp, JJ.