■ THEODORE FOX, Appellant, v JENNY ENGINEERING CORPORATION, Respondent, et al., Defendant. (And Third-Party Actions.) (Appeal No. 1.)—Order unanimously affirmed without costs. Same memorandum as in *Fox v Jenny Eng. Corp.* ([Appeal No. 2], 122 AD2d 532). (Appeal from order of Supreme Court, Monroe County, DePasquale, J.—summary judgment.) Present—Dillon, P. J., Doerr, Pine, Lawton and Schnepp, JJ.

■ THEODORE FOX, Respondent, v JENNY ENGINEERING CORPORATION, Defendant, and LOZIER ARCHITECTS AND ENGINEERS, Appellant. (And Third-Party Actions.) (Appeal No. 2.)—Order unanimously reversed, on the law, without costs, and appellant's motion granted. Memorandum: Plaintiff, an employee of Shea-Kiewit Construction Company, was injured when he was struck by rock falling from the ceiling of a sewer tunnel being constructed by his employer for the Rochester Pure Waters District (District). He was standing on the platform of a tunnel-boring machine 12 inches above the floor of the tunnel. He brought two actions which were consolidated, one against Jenny Engineering Corporation and Lozier Architects and Engineers and the other against Everett G. and Marion Lucille Wambach. Motions for summary judgment were granted to plaintiff against Lozier and to defendants Jenny and Wambach dismissing plaintiff's complaint as to them. The court erred with respect to the complaint against Lozier, which also should have been dismissed.

Plaintiff sued Jenny and Lozier for violation of Labor Law § 240 (1); § 241 (6); § 200 and for common-law negligence. Lozier was the engineer hired by the District to insure that the general contractor complied with its contract with the District, and Jenny was hired by Lozier. Thus, both were agents of the District. The evidence before the court established that section 240 (1) is inapplicable to this injury, since it addresses situations in which a worker is exposed to the risk of falling from, or being hit by, an object falling from an elevated worksite *(Siragusa v State of New York,* 117 AD2d 986). Further, neither Jenny nor Lozier had authority to supervise or control the injured worker or to direct construction procedures or safety measures employed by the general contractor. Thus, neither is an agent of the owner within the meaning of Labor Law §§ 240 or 241 *(see, Kerr v Rochester Gas & Elec. Corp.,* 113 AD2d 412, 416-417), or § 200 *(see, Russin v*

*Picciano & Son,* 54 NY2d 311, 316-317). Nor can they be liable for common-law negligence, because no active negligence is alleged *(see, Hamill v Foster-Lipkins Corp.,* 41 AD2d 361, 363) and the only contractual provision relied on is between the District and the general contractor, giving the engineer authority to stop work if the contractor fails to correct conditions unsafe for workmen. This is insufficient to create a duty running from the engineer to the workmen *(see, Bernal v Pinkerton's, Inc.,* 52 AD2d 760, *affd on mem below* 41 NY2d 938).

The complaint against the Wambachs alleged that they were the owners of the land where the accident occurred. While the exact location of the accident site with reference to surface boundaries is unclear, and the accident apparently occurred some 100 feet underground and some 1,600 feet from the start of the tunnel, if it occurred on the Wambachs' premises it occurred in a permanent tunnel easement condemned in 1971. While the Court of Appeals has decided that an owner for purposes of Labor Law § 241 (6) includes the grantor of an easement *(Celestine v City of New York,* 86 AD2d 592, *affd on mem below* 59 NY2d 938), we distinguish the grant of an easement for condemnation because in the case of condemnation the fee owner has no power to impose conditions concerning construction on the premises *(see, Kerr v Rochester Gas & Elec. Corp., supra,* p 416) and the risk of worker injury is not a compensable element of condemnation damages. Plaintiff's argument that the fee owner of property from which a tunnel easement has been condemned is an owner of the tunnel within the meaning of Labor Law § 240 (1); § 241 is without merit. (Appeal from order of Supreme Court, Monroe County, DePasquale, J.—summary judgment.) Present—Dillon, P. J., Doerr, Pine, Lawton and Schnepp, JJ.