order of Supreme Court, Niagara County, Kuszynski, J.—arbitration.) Present—Dillon, P. J., Doerr, Pine, Lawton and Schnepp, JJ.

■ THEODORE FOX, Appellant, v JENNY ENGINEERING CORPORATION, Respondent, et al., Defendant. (And Third-Party Actions.) (Appeal No. 1.)—Order unanimously affirmed without costs. Same memorandum as in *Fox v Jenny Eng. Corp.* ([Appeal No. 2], 122 AD2d 532). (Appeal from order of Supreme Court, Monroe County, DePasquale, J.—summary judgment.) Present—Dillon, P. J., Doerr, Pine, Lawton and Schnepp, JJ.

■ THEODORE FOX, Respondent, v JENNY ENGINEERING CORPORATION, Defendant, and LOZIER ARCHITECTS AND ENGINEERS, Appellant. (And Third-Party Actions.) (Appeal No. 2.)—Order unanimously reversed, on the law, without costs, and appellant's motion granted. Memorandum: Plaintiff, an employee of Shea-Kiewit Construction Company, was injured when he was struck by rock falling from the ceiling of a sewer tunnel being constructed by his employer for the Rochester Pure Waters District (District). He was standing on the platform of a tunnel-boring machine 12 inches above the floor of the tunnel. He brought two actions which were consolidated, one against Jenny Engineering Corporation and Lozier Architects and Engineers and the other against Everett G. and Marion Lucille Wambach. Motions for summary judgment were granted to plaintiff against Lozier and to defendants Jenny and Wambach dismissing plaintiff's complaint as to them. The court erred with respect to the complaint against Lozier, which also should have been dismissed.

Plaintiff sued Jenny and Lozier for violation of Labor Law § 240 (1); § 241 (6); § 200 and for common-law negligence. Lozier was the engineer hired by the District to insure that the general contractor complied with its contract with the District, and Jenny was hired by Lozier. Thus, both were agents of the District. The evidence before the court established that section 240 (1) is inapplicable to this injury, since it addresses situations in which a worker is exposed to the risk of falling from, or being hit by, an object falling from an elevated worksite *(Siragusa v State of New York,* 117 AD2d 986). Further, neither Jenny nor Lozier had authority to supervise or control the injured worker or to direct construction procedures or safety measures employed by the general contractor. Thus, neither is an agent of the owner within the meaning of Labor Law §§ 240 or 241 *(see, Kerr v Rochester Gas & Elec. Corp.,* 113 AD2d 412, 416-417), or § 200 *(see, Russin v*