(December 24, 1991)

■ WILLIAM DOWNING, Respondent, v B & B MACHINE REPAIR, INC., Appellant and Third-Party Plaintiff, et al., Third-Party Defendant.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered March 12, 1991, which, *inter alia,* denied defendant B & B Machine Repair, Inc.'s motion for summary judgment to dismiss plaintiff's second cause of action, is affirmed, without costs.

Plaintiff, a lumber yard worker who in 1987 severed his

thumb while cutting lumber on a table saw which had had its safety guard removed by an unidentified individual, commenced this action against defendant B & B Machine Repair, Inc. to recover damages based on theories of strict products liability and negligence. Following joinder of issue and discovery, defendant successfully moved to dismiss the strict products liability cause of action. As to the second cause of action the record demonstrates that the IAS part correctly determined that material issues of fact exist concerning whether defendant, which had been repairing saws for plaintiff's employer since 1983, breached a duty to plaintiff when it failed to find a replacement safety guard for the table saw as requested by plaintiff's employer nearly 16 months before the accident. *(See, Rozner v Resolute Paper Prods. Corp.,* 37 AD2d 396, 398, *affd* 31 NY2d 934.)* As observed by the IAS part, defendant's claim that no guard was available for the saw was refuted by plaintiff's expert. In these circumstances, the drastic remedy of summary judgment was properly denied. *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 231.)*

We have considered defendant's remaining arguments and find them to be without merit. Concur—Rosenberger, Ellerin, Kassal and Rubin, JJ.

Murphy, P. J., dissents in a memorandum as follows: I would reverse and dismiss the remaining cause of action.

The plaintiff-respondent, William Downing, brought this action against defendant-appellant, B & B Machine Repair, Inc., for damages resulting from a workplace injury. On October 5, 1987, while employed by third-party defendant Butler Lumber, Inc., Downing cut his thumb on a table saw that lacked a guard over its blade. The accident occurred while plaintiff was ripping a 1 inch by 12 inch board. He reached across the blade with his left hand to clear a piece of wood that had already been cut from the table, and inadvertently touched the blade. According to the plaintiff's expert, the blade was set at a height twice as high as it should have been. The mechanism for raising and lowering the blade was broken, and it was the shop practice to lower the blade by installing a smaller blade.

According to testimony of the President of Butler Lumber, the table saw came with a guard, but it was considered too cumbersome and had been removed and stored on a shelf.

One year and a half before Downing's injury, defendant B & B performed repair services for Butler Lumber. B & B never had a service contract with Butler and did work on an

"as needed" basis. The invoice of April 4, 1986, reflected services to be performed by B & B, including evaluating three radial arm saws and making specified repairs to those saws. This same invoice contains an entry referring to the table saw on which plaintiff was injured, which states: "discuss * * * possibilities for a new guard for the table saw." This vague entry represents the extent of the contractual undertaking on which the majority posits liability.

Bruce Bauman of B & B attempted to contact the manufacturer of the table saw, but found that it was out of business. Also, he called two suppliers who sell table saw parts and specialize in older machines and was informed that no guard was available. He reported his unsuccessful attempts in locating a replacement guard to Butler Lumber. Based upon an affidavit by plaintiff's expert which alleged that suitable replacement guards for this saw are available, the Motion Court held that there was an issue of fact whether B & B negligently performed its undertaking to find a replacement guard. I disagree.

In addition to being vague and indefinite, the undertaking is limited to the repairer agreeing to look into possibilities for a new guard. By assuming this obligation, B & B did not undertake to make the table saw safe. It certainly did not become a guarantor of the saw's safety. B & B was not requested to evaluate the table saw as it was with the three radial arms saws. Nor was B & B requested to repair the inoperable blade lowering mechanism.

In order for a third party to recover damages resulting from negligent performance of a party's contractual duties, it must appear that the parties clearly intended the assumption of that duty and that its breach would result in liability to a third party. (*Rozner v Resolute Paper Prods. Corp.*, 37 AD2d 396, 398, *affd* 31 NY2d 934.) It cannot be said that B & B assumed such a duty by agreeing to look for a replacement guard.

Even if the repairer had assumed such a duty, his allegedly negligent performance of the contractual duty did not proximately cause the plaintiff's injuries. Rather, it is the unsafe shop practices, including using the saw with an inoperable blade height adjustment mechanism, and adjusting the height of the blade by changing blades. Plaintiff's experts concluded that the accident would not have occurred had the height adjustment mechanism been operable. As the saw was set at the time of the accident, the blade protruded more than one

inch above the board being ripped. According to plaintiff's expert, a properly adjusted blade would have been approximately 1/8 inch to 1/4 inch above the board being cut.

The fault here lies with the employer for knowingly using an unsafe and illegal saw. Using the saw without a guard is in violation of OSHA regulations. *(See, 29 CFR 1910.212-1910.213.)* Under these circumstances, any negligence attributable to B & B in connection with finding a replacement guard is simply too remote to be considered a proximate cause of the plaintiff's injuries. *(See, Ayala v V & O Press Co., 126 AD2d 229, 235.)*