■ TYRONE CHRISTOPHER, Respondent, v I.B.I. SECURITY SERVICE, INC., et al., Respondents, and SEARS ROEBUCK AND CO., Appellant.—Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered April 25, 1991, which, inter alia, denied defendant-appellant Sears' motion for summary judgment dismissing the complaint and cross-claims against it, unanimously reversed, on the law, to the extent appealed from, Sears' motion for summary judgment dismissing the complaint and cross-claims against it is granted and plaintiff's cross motion for leave to serve a supplemental summons and amended complaint upon Discover Card Services, Inc. and Datek-Instacard Corporation is denied, without costs.

As stated in his verified bill of particulars, plaintiff's claim against Sears is that it was negligent in advertising the location of the Instabank automatic teller machine (ATM) on the Fordham University campus, where the "Discover Card" issued by Sears could be used to withdraw cash, and that such advertising "willfully invited the plaintiff onto the campus of Fordham University", which resulted in his assault and false arrest by campus security guards employed by defendant I.B.I. Security Service, Inc.

However, before any liability may be imposed upon Sears, plaintiff would have to establish that it owed a duty of care to him. Absent special circumstances in which the defendant has authority to control their actions, e.g., a master-servant, par-

ent-child or common carrier-passenger relationship, our common law does not impose a duty to control the conduct of third persons to prevent them from causing injury to others *(Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8). The question of whether a duty of care reasonably to avoid injury to another exists is a question of law *(supra)*.

Accepting plaintiff's factual allegations as true, and viewing them in the light most favorable to him and according him every favorable inference to be derived therefrom, we nevertheless must conclude, as a matter of law, that he has failed to state a valid cause of action against Sears.

Here, Sears had neither the ability nor the authority to control or influence the conduct of the security guards. Moreover, plaintiff's deposition admission that he had ready access to the Fordham campus negates his contention that the directory of ATM locations should have warned him that the campus was not open to the public.

Clearly, it was the allegedly assaultive conduct of the campus security guards which was the proximate cause of plaintiff's injuries. Such superseding and intervening acts, which were independent from any conduct by Sears, were certainly extraordinary and unforeseeable under normal circumstances *(see, Santiago v New York City Hous. Auth.,* 101 AD2d 735, *affd* 63 NY2d 761).

Finally, just as no duty of care is established on the part of Sears, the same is true of its subsidiary, Discover Card Services, Inc. and Datek-Instacard Corporation, the owner and operator of the ATM in question, and thus, plaintiff's cross motion for leave to serve a supplemental summons and amended complaint upon them should have been denied *(see, East Asiatic Co. v Corash,* 34 AD2d 432). Concur—Carro, J. P., Rosenberger, Kupferman and Kassal, JJ.