■ WALTER LIPPMAN et al., Appellants, v ISLAND HELICOPTER CORPORATION, Respondent. [670 NYS2d 529] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Winick, J.), dated December 9, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant entered into an agreement with Westchester County Medical Center (hereinafter WCMC) to provide air transportation for WCMC's emergency medical service personnel and patients. On February 27, 1984, the defendant transported by helicopter a 250-pound incubator known as a Cavitron, which contained an infant patient, from Middletown to WCMC, along with medical personnel. After the helicopter landed on WCMC's helipad and the medical personnel exited the helicopter, the plaintiff Walter Lippman, an assistant director of security for WCMC, motioned to the pilot to shut off the engine and rotors. When the pilot refused to shut off the engine and rotors, Lippman entered the helicopter while the pilot was still seated at the control panel, and began to unfasten the Cavitron. In an attempt to stop the Cavitron from rolling out the door, Lippman wedged himself between the Cavitron and

the door, and was injured. Lippman alleged that he had previously assisted helicopter pilots in unloading a Cavitron from the helicopter. The plaintiffs commenced this action alleging, *inter alia*, that the pilot owed a common-law duty to assist Lippman in the unloading of the Cavitron.

"[A] duty of reasonable care owed by the tort-feasor to the plaintiff is elemental to any recovery in negligence" (*Eiseman v State of New York,* 70 NY2d 175, 187). Accordingly, before the defendant may be held liable for negligence it must be shown that the defendant has assumed a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff (*see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226). Here the pilot's inaction in merely failing to provide assistance to the security guard in his unilateral attempt to unload the Cavitron did not create such a duty (*see, Moch Co. v Rensselaer Water Co.,* 247 NY 160, 167-168; *Conte v Aeolian Corp.,* 80 AD2d 990). Nor have the plaintiffs shown that a special relationship existed between the defendant and the injured plaintiff (*see, Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8; *Pulka v Edelman,* 40 NY2d 781; *Christopher v I.B.I. Sec. Serv.,* 183 AD2d 615).

In light of our determination, we need not address the plaintiffs' remaining contention. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.