■ GLENN SWADE, Respondent, v NASSAU VALVE & SUPPLY CORP., Appellant. (And a Third-Party Action.) [734 NYS2d 85] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated March 13, 2001, which denied its motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The Supreme Court should have granted the defendant's motion to dismiss the complaint. "[A] duty of reasonable care owed by the tort-feasor to the plaintiff is elemental to any

recovery in negligence" (*Eiseman v State of New York,* 70 NY2d 175, 187). Accordingly, before a defendant may be held liable for its alleged negligence, it must be demonstrated that it "has assumed a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff" (*Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226). Here, the inaction of the defendant's employees in merely failing to assist the plaintiff in his attempt to load his truck did not create such a duty. Furthermore, the plaintiff did not show that a special relationship existed between him and the defendant (*see, Lippman v Island Helicopter Corp.,* 248 AD2d 596). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.